## POWERS *v.* THE STATE.

EVANS, P. J. 1. The evidence, though in some respects unsatisfactory, was sufficient to authorize a conviction.

2. On the trial of a father charged with rape of his daughter, letters from the accused to the daughter, written while incarcerated on that charge, stating that his freedom depended on her action, and pleading for the withdrawal of the charge against him, and which contained no protestation of innocence or denial of the charge, tended to corroborate the testimony of the daughter, and were admissible.

3. The circumstances attending the arrest of the accused, viz., that he resisted arrest until informed that the officer had a warrant for him, when he submitted without further resistance, though inadmissible in evidence, were not prejudicial to the defendant.

4. "It is no valid ground of criticism upon a charge, correct and proper in itself, that it fails to state some other rule or principle of law pertinent to the issues of the case." *Jackson* v. *State,* 134 *Ga.* 473 (68 S. E. 71).

5. In the absence of a written request, though it may be proper to give a cautionary instruction in an appropriate case, an omission to do so is not ground for a new trial. *Johnson* v. *State,* 128 *Ga.* 102 (57 S. E. 53). *Judgment affirmed. All the Justices concur, except Hill, J., dissenting.*
AUGUST 19, 1912.

Indictment for rape. Before Judge J. B. Park. Morgan superior court. April 30, 1912.

*Rogers & Knox,* for plaintiff in error. *T. S. Felder, attorney-general,* and *J. E. Pottle, solicitor-general,* contra.

---

## CODY *v.* KINSEY.

EVANS, P. J. This being a contest over the possession of a child, between the grandmother and the father, and the evidence being sufficient to authorize a conclusion that the father, upon the death of the child's mother, and when the child was but a few months old, gave the child to the grandmother to rear, the judgment of the superior court, affirming the judgment of the ordinary awarding the custody of the child to the grandmother, will not be disturbed.
*Judgment affirmed. All the Justices concur.*
AUGUST 19, 1912.

Habeas corpus. Before Judge Walker. Warren superior court. April 8, 1912.

*L. D. McGregor,* for plaintiff in error. *M. L. Felts,* contra.