BANK OF BROOKLET *v.* MOTOR LIENS INCORPORATED.

HILL, J. 1. "When there is no cause of action at the commencement of the suit there can be no recovery, although one accrue, respecting the same subject-matter, while the suit is pending." *Wadley* v. *Jones*, 55 *Ga.* 329.

2. There being due to the defendant on July 1, 1926, when the tender was made, principal, interest, attorney's fees, and costs, and the plaintiff having only tendered the principal, interest, and advertising cost, and not having tendered all costs upon the suits pending in the city court

Actions, 1 C. J. p. 1149, n. 47, 48, 51; p. 1151, n. 70.
Mortgages, 41 C. J. p. 935, n. 2, 6 New.

of Statesboro, and the attorney's fees, it did not have, at the time it filed suit, a cause entitling it to an injunction against the city-court cases, and against the sale of the land under the power contained in the security deed.

3. A tender being made for the full amount due, and the same being paid into the registry of the court, the plaintiff would be entitled, in another action, to have the suits in the city court, and the sale authorized by the security deed, enjoined. *Tillman* v. *Stewart*, 104 *Ga.* 687, 689 (30 S. E. 949, 69 Am. St. R. 192).

*Judgment reversed. All the Justices concur.*

No. 5628. JUNE 18, 1927.

Injunction. Before Judge Strange. Bulloch superior court. July 30, 1926.

The Bank of Brooklet, on June 8, 1926, advertised under a power of sale certain lands that had been conveyed to the bank by G. W. Lee in a security deed. The sale was to occur on July 6, 1926, for the purpose of realizing the sum claimed to be due ($1259.82) on the date of the sale, together with the cost of advertising the sale. Motor Liens Inc. was the owner of a security deed junior to the deed owned by the bank, dated July 31, 1924, and signed by the same maker, G. W. Lee, and there was due on it the alleged sum of $9595, or more. Motor Liens Inc., in order to protect its interest and to secure the senior incumbrance owned by the bank, tendered to the bank, through its attorney, the full amount due as principal, interest, and advertising fee. This tender was refused, and Motor Liens Inc. brought a petition to enjoin the sale, and prayed that the power of sale contained in the security deed be declared nugatory and void; and that the lien of the security deed, sought to be enforced by the Bank of Brooklet, be declared nugatory and unenforceable. There was also a prayer for general relief. Later the plaintiff filed an amendment praying for injunction against certain suits that were filed in the city court of Statesboro, covering the same subject-matter. The court allowed the amendment, and also made an order further restraining the Bank of Brooklet. After a hearing the court passed the following order: "After hearing and after due consideration of all the facts and circumstances submitted in the above case, and it appearing that at the time the tender of the principal and interest was made that the plaintiff was prompted by the legal advertisement then being run to act, and did act upon said advertisement, and there being no attorney's fees due or collectible under said

advertisement, and that it was after said tender was made that the attorney's fees and costs was demanded, it is ordered that the plaintiff be and it is hereby ordered to tender into court the amount claimed as attorney's fees and costs, and, when this is done, that the State's writ of injunction be and the same is hereby granted as prayed, said injunction to be of full force and effect until the further order of this court; said defendant is hereby enjoined from prosecuting said suits in the city court until the further order of this court." It appears from the bill of exceptions that the condition named in the judge's order has been complied with and the money deposited. To this judgment the defendant excepted.

*Hinton Booth,* for plaintiff in error.

*G. S. Johnston,* and *Lewis A. Mills,* contra.