### THURMAN *v.* LEE *et al.*

No. 10874. OCTOBER 22, 1935. REHEARING DENIED NOVEMBER 16, 1935.

*Charlie F. Walker* and *Watkins, Grant & Watkins,* for plaintiff. *H. L. Luttrell* and *W. L. Nix,* for defendants.

HUTCHESON, Justice. Mrs. L. G. Thurman filed her petition against Miss Dorothy Lee and J. A. Cown, and alleged substantially as follows: She is the owner of certain described land in Walton County, Georgia. In 1932 her mother executed to Miss Lee a security deed, conveying the land to secure a debt of $1400. This debt is infected with usury. After the execution of said deed the property was conveyed to petitioner by her mother. On or

about November 3, 1934, petitioner borrowed $200 from Miss Lee. Under the power of sale in the security deed Miss Lee advertised the land for sale on the first Tuesday in April, 1935. On the day of sale the husband of petitioner, acting as her agent, tendered to the attorney of Miss Lee $1738, the full amount claimed by Miss Lee to be due. The tender was made before the sale and in the presence of two witnesses; and it was refused, the attorney claiming that the amount due was $1948.47. After this refusal the property was exposed to sale and was sold to J. A. Cown for $3005. Petitioner had one Arnold to bid for her as much as $3000, which amount would have been sufficient to pay all indebtedness due on the property. When the bids reached $2900, she, through her agent, requested Miss Lee to stop the sale and knock off the property to her, which request was refused. Petitioner's agent announced, in the presence of Cown, that if the property was knocked off to any one except petitioner, the purchaser would be buying a lawsuit and would not get good title. Notwithstanding this, Cown bought the property and paid for it. Before the completion of the transaction, petitioner's agent informed Cown fully about the tender that had been made, and warned him that he would not get good title. The sale was void. Petitioner prays that Cown be enjoined from selling or encumbering the property; that the amount due Miss Lee be fixed and determined; that the sale be decreed void; that the deed from Miss Lee to Cown be delivered up and canceled; that, if the sale be decreed valid, petitioner recover damages from Miss Lee for the wrongful sale; and that Miss Lee be enjoined from paying out any of the money received by her from Cown; and for general relief.

To this petition the defendants filed general demurrers, which demurrers were sustained, and the petition was dismissed. To this ruling the plaintiff excepted.

There can be no question that, if a valid tender was made of the full amount due, the sale of the property thereafter was a nullity. "A tender properly made may be equivalent to performance; if in money, the coin need not be actually presented, unless demanded; it must be certain and unconditional except for a receipt in full or delivery of the obligation, and may be made by an agent or friend, and to an agent authorized to receive. It must be in full of the specific debt." Code of 1933, § 20-1105. In Penny

*v.* Cook, 19 Iowa, 538, it was said: "The trustee derives his sole power to sell from the deed. It follows that a valid subsisting power is necessary, and lies at the very foundation of the purchaser's title. Payment in full of the debt renders the trust deed functus officio, and ipso facto extinguishes the power of sale." In *Bouquin* v. *Bouquin,* 120 *Ga.* 115 (47 S. E. 639), it was held that "where the creditor has collateral, mortgage or other form of security upon the property of the debtor, the failure to accept a legal tender discharges the lien which was intended to secure payment." If a proper legal tender was made in the case at bar, it was the same as payment in so far as the security deed was concerned, and any proceeding thereunder would be void. For the purpose of demurrer, the allegations of the petition must be taken as true. There are two separate and positive allegations that a tender was actually made of "the full amount claimed to be due on said notes by said Miss Dorothy Lee and the expenses incurred in advertising said property for sale," this amount being given as $1738, representing the principal note of $1400, plus interest and expenses. There are in the petition sufficient allegations at least to make the matter of tender a question for the jury; and it was error to sustain the general demurrer of Miss Lee.

J. A. Cown also filed his general demurrer, which was sustained. If a legal tender was made, as outlined above, and Cown had notice thereof, he would not have obtained any title under his purchase at the sale. The petition alleges that Cown was present when the agent of petitioner made demand that the sale be stopped, and that the property be knocked off to H. M. Arnold on his bid for petitioner, and that Cown had notice of facts sufficient to put him on inquiry which would have disclosed to him that a legal tender had already been made. There is a further allegation that "after said auction had been completed, but before said J. A. Cown had paid any part of the amount of his bid, your petitioner's husband and agent informed him of the facts respecting the tender which had been made before the sale, and warned him if he went through with the transaction and bought the property he would not get a good title, because petitioner would have the sale set aside as void." This notice would have been in ample time, as the transaction had not been completed. Under the allegations of the petition, which must be taken as true, there was sufficient notice to

Cown to prevent his being classed as an innocent purchaser; and the questions as to notice and as to his connection with the transaction should be left to a jury. The general demurrer should not have been sustained.

*Judgment reversed. All the Justices concur, except Russell, C. J., absent because of illness.*