## 19212. BOWMAN, Administratrix, *v.* POOLE.

CANDLER, Justice. 1. The holder of a junior security deed is equitably entitled, when it is necessary for his protection, to pay the holder of a prior security deed who is proceeding to sell the pledged property under a power of sale contained in his security deed, the principal, interest and all costs due thereon, and demand a transfer thereof. In other words, the holder of a junior security deed, where the property is being sold under a power of sale contained in a senior security deed, has a right, in order to protect his interest, to redeem the property and be subrogated to all of the rights of the senior incumbrance. *Tillman* v. *Stewart,* 104 *Ga.* 687 (30 S. E. 949, 69 Am. St. Rep. 192); *Bank of Brooklet* v. *Motor Liens Incorporated,* 164 *Ga.* 314 (138 S. E. 582); *Thurman* v. *Lee,* 181 *Ga.* 408 (182 S. E. 609). In this case, as the petition shows, the property involved was not being sold at a judicial sale by the sheriff, but was being sold by the holder of the senior security deed under a power of sale contained therein. At such a sale the purchase price would come into his hands and not into the hands of the sheriff, and for the same reason which was given for the ruling in *Cromley* v. *Motor Liens Incorporated,* 164 *Ga.* 16) (137 S. E. 778), it was necessary for the plaintiff to redeem the property in order to protect the interest of her intestate and obtain full relief by an adequate remedy.

2. The allegations of the amended petition are sufficient to show that a valid tender of the full amount due him was made to the holder of the senior security deed; and in such a case, it is well settled by the ruling in *Thurman* v. *Lee,* supra, and the authorities there cited, that a sale of the property thereafter made to one with notice of such tender is a nullity. In *Bouquin* v. *Bouquin,* 120 *Ga.* 115 (47 S. E. 639), it was held that, "where the creditor has collateral mortgage, or other form of security upon the property of the debtor, the failure to accept legal tender discharges the lien which was intended to secure payment." The same principle is applicable to a tender made by the owner, under Code § 92-8301, for the purpose of redeeming his property from a tax sale. Thereafter the purchaser's inchoate, qualified, or defeasible estate terminates. *Durham* v. *Crawford,* 196 *Ga.* 381 (3) (26 S. E. 2d 778), and citations. The allegations of the amended petition in the case at bar

are sufficient to show that the power to sell, which was vested in the holder of the senior security deed, terminated when he refused to accept the amount due him upon tender thereof; that the sale of the property involved to the defendant Poole is void for want of a valid subsisting power of sale; and that the deed he received in consequence thereof passed no title to him and should be canceled.

3. "Attorney's fees as expenses of litigation are not punitive or vindictive damages, but stand alone, are regulated by Code § 20-1404, and the jury may allow them if the defendant has acted in bad faith in the transaction out of which the cause of action arose." *Williams* v. *Harris*, 207 *Ga.* 576 (3) (63 S. E. 2d 386). The allegations of the petition are sufficient to show that the defendant Poole acted in bad faith when he refused to accept the amount due him on the secured debt and thereafter sold the pledged property under a power of sale contained in the security deed which had been transferred and assigned to him.

4. The amended petition stated a cause of action for the relief sought, and the trial judge erred in dismissing it on general demurrer.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 11, 1956—DECIDED FEBRUARY 14, 1956—
REHEARING DENIED FEBRUARY 29, 1956.

*Jas. L. Moore,* for plaintiff in error.

*Edwin Pearce, Poole, Pearce & Hall, Margaret Fairleigh,* contra.