## 27622. STANDARD OIL COMPANY v. MOUNT BETHEL UNITED METHODIST CHURCH et al.
## 27623. SHERRELL v. MOUNT BETHEL UNITED METHODIST CHURCH et al.

UNDERCOFLER, Justice. This is a trespass action brought by Mount Bethel United Methodist Church against Standard Oil Company and Ed Sherrell, Jr. The trial court sitting without a jury granted a permanent injunction, compensatory damages, punitive damages and attorney's fees against the defendants, jointly and severally.

The litigation arose when Standard Oil Company began building a service station on the northeast corner of Johnson Ferry Road and South Roswell Road in Cobb County. Ed Sherrell, Jr. was the building contractor. There is located between the Standard Oil Company property and Johnson Ferry Road a small wedge-shaped piece of property claimed by the church. When the title to Standard Oil's property was checked, a mistake as to the width of the road right-of-way was made and the site acquired by it did not front on Johnson Ferry Road.

The claim for damages and attorney's fees arises from Standard Oil Company and its contractor, Ed Sherrell, Jr., allegedly tearing down the church's property-line fence and doing some grading deliberately and after being notified of the church's claim to the property. The church claimed to have acquired the property in question by deed in 1893. Standard Oil made no claim to the property but attacked the church's deed as failing to place title in it. The evidence shows that the church went into actual possession of the property over fifty-five years ago and has used the property

continuously since that time for parking purposes (including horses and buggies many years ago), has used it for church recreational purposes, has cut the grass, has cleared the area of litter, and has constantly maintained the area by repairing the damage to the yard and trees caused by careless automobile drivers. The evidence also shows that a one-strand barbed wire fence had existed along this property line for some years although it had been placed there by a predecessor in title of Standard Oil. When Standard Oil bought the property about 2 years ago, an adjacent "chain-length" fence was built by the church. The church for a period of about a year and a half kept a plat on its fence to show the boundary line of its property. The plats disappeared repeatedly but were replaced by the church. On the date of the trespass, the minister of the church saw that the church's fence had been taken down. He talked to the building contractor and told him that the fence was the property line but the building contractor told him that he had plans and specifications to follow and that he was going to grade the property which the church claimed. The minister left to obtain an injunction. After this conversation the building contractor testified that he graded the property according to his plans and specifications and until he was served with the injunction.

An engineer for Standard Oil testified that the "taking down of the fence and the grading of this area was carrying out Standard's instructions and doing what Standard Oil wanted him to do." *Held:*

1. "The bare right to possession of lands shall authorize their recovery by the owner of such right, and also damages for the withholding of the right." Code § 105-1402. "The bare possession of land shall authorize the possessor to recover damages from any person who shall wrongfully, in any manner, interfere with such possession." Code § 105-1403.

The evidence was sufficient to show actual possession by Mount Bethel and to support the verdict.

2. The enumerations of error complaining of the overruling of objections to certain testimony and exhibits on the basis that they were conclusions and that title was not shown to be held by the church are without merit. The evidence complained of was admissible to show actual possession of the land by the church, and this is sufficient to support an action for trespass. The enumerations of error arising from the question of title, therefore, need not be decided.

3. "Attorney's fees as expenses of litigation are not punitive or vindictive damages, but stand alone, are regulated by Code § 20-1404, and the jury may allow them if the defendant has acted in bad faith in the transaction out of which the cause of action arose. *Mosely v. Sanders,* 76 Ga. 293; *Traders Ins. Co. v. Mann,* 118 Ga. 381 (45 SE 426); *O'Neal v. Spivey,* 167 Ga. 176 (145 SE 71); *Grant v. Hart,* 197 Ga. 662, 671 (30 SE 271) and the cases there cited." *Williams v. Harris,* 207 Ga. 576 (3) (63 SE2d 386); *Bowman v. Poole,* 212 Ga. 261 (91 SE2d 770).

The evidence was sufficient to support the award of attorney's fees on the basis that the appellants acted wilfully and in a stubborn and litigious manner.

4. "To authorize the imposition of punitive or exemplary damages there must be evidence of wilful misconduct, malice, fraud, wantonness, or oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences." *Southern R. Co. v. O'Bryan,* 119 Ga. 147 (1) (45 SE 1000); *Investment Securities Corp. v. Cole,* 186 Ga. 809 (199 SE 126); Code § 105-2002.

The evidence in this case was sufficient to authorize the award of punitive damages on the basis of wilful injury to the complainant and to deter the appellants from such future conduct.

5. Ed Sherrell, Jr., filed an appeal in this case and enumerated as error that the trial court failed and refused to sever him from any judgment rendered against the co-defendant Standard Oil Company. Sherrell contends that he was following the plans and specifications furnished him by Standard Oil and that he is not liable for damages.

The evidence shows that Sherrell deliberately took down the complainant's fence, was advised that he was trespassing, and continued to grade complainant's property until he was served with the injunction. Under the evidence presented in this case, the defendants were joint trespassers. Code § 105-2011 provides: "Where several trespassers are sued jointly, the plaintiff may recover, against all, damages for the greatest injury done by either. The jury may, in their verdict, specify the particular damages to be recovered of each, and judgment in such case must be entered severally." In *Ivey v. Cowart,* 126 Ga. 159 (6) (52 SE 436) this court stated that, "The jury in their verdict may specify the particular damages to be recovered of each, and judgment will then be entered severally. But the defendants are not entitled to require damages to be apportioned by the verdict." Since the trial judge, as trier of the facts in this case, did not specify the particular damages to be recovered of each defendant, the defendant Sherrell is not entitled to require that such damages be apportioned by the judgment.

6. Where one of two or more joint tortfeasors has been sued for and compelled to satisfy damages arising from a jointly tortious transaction, he cannot, as a general rule, maintain an action either for contribution or indemnity over against those connected with him in the tort; but if the liability of the tortfeasor in the original suit arises merely from negative actions of omission on his part, such as a failure in his duty to inspect, and the proximate cause of the injury, so far

as the joint tortfeasors are concerned, lay in active, positive acts of negligence on the part of the other tortfeasor, in which the original defendant did not in any way participate, then an exception to the general rule would exist. *Central of Ga. R. Co. v. Macon R. &c. Co.,* 140 Ga. 309 (1) (78 SE 931).

Since the evidence in this case shows an active participation in the trespass by appellant Sherrell, the above rule applies.

*Judgment affirmed on both appeals. All the Justices concur.*

ARGUED DECEMBER 12, 1972 — DECIDED MARCH 8, 1973 — REHEARING DENIED MARCH 22 AND MARCH 29, 1973.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, William G. Grant, Edwards, Awtrey & Parker, L. M. Awtrey, Jr.,* for Standard Oil.

*Cofer, Beauchamp & Hawes, Peyton S. Hawes, Jr., Peter B. Glass,* for Sherrell.

*G. Robert Howard,* for appellee.