## 49304. THIBADEAU COMPANY, INC. v. McMILLAN.

Evans, Judge.

On July 16, 1968, John C. McMillan entered into a contract with Thibadeau, Shaw & Company, Inc. (now Thibadeau Company, Inc.) to have a brick veneer residence constructed in DeKalb County, Georgia. The house was built, the sale consummated, and McMillan took possession and occupied the house on January 31, 1969. After several months McMillan noticed sand and mortar disintegrating between the bricks whereby bricks could be removed from several locations around the exterior walls.

Thibadeau contends that upon learning of the defective brickwork and mortar, it offered to repair and replace or to repurchase the house, but its offers were rejected; and McMillan demanded that it tear down and replace all the brickwork on the entire house.

McMillan subsequently sued Thibadeau for damages for fraud in the concealing of the latent defects in the brickwork and mortar, seeking to recover for the difference in the market value of the house had it been constructed in good and workmanlike manner, and its

actual value reduced because of the concealed and defective mortar used in the construction. He also prayed for punitive damages because of the fraud practiced upon the plaintiff, and attorney fees for bad faith.

The case was thereafter tried before a jury which returned a verdict of $9,000 actual damages, no punitive damages, and $5,250 attorney fees. Judgment was duly entered on the verdict. Motions for new trial and judgment notwithstanding the verdict were filed, amended, and after a hearing, denied. Defendant appeals. *Held:*

1. Attorney fees, as expenses of litigation, require a showing that the defendant was stubbornly litigious, put the plaintiff to unnecessary trouble and expense, *or acted in bad faith.* Code § 20-1404; *Overmeyer & Co. v. Nelson-Brantley Glass Co.,* 119 Ga. App. 599 (2), 602 (168 SE2d 176); *Edwards-Warren Tire Co v. Coble,* 102 Ga. App. 106 (2), 111 (115 SE2d 852).

2. The bad faith referred to in Code § 20-1404, means bad faith in the transaction out of which the cause of action arose. *O'Neal v. Spivey,* 167 Ga. 176 (3) (145 SE 71); *Grant v. Hart,* 197 Ga. 662, 672 (30 SE2d 271). Complaint is made not only of defendant's failure to pay him or correct the deficiency, but also for the fraud practiced on plaintiff in constructing the house using defective mortar. Thus it is alleged that bad faith arose out of the transaction.

The case of *Windsor Forest, Inc. v. Rocker,* 115 Ga. App. 317, 323 (154 SE2d 627), is somewhat similar to the case sub judice in that faulty brickwork was involved. In that case there was ample evidence to show the defendant had advance knowledge of the defective brickwork as the bricks were laid under freezing conditions and there was bad bonding and bad mortar joints; that the superintendent was advised by the bricklayer of the freezing conditions but the bricklayer was instructed to lay the brick and proceed with the use of the mortar when the weather was dipping below freezing. Thus, actual knowledge before the sale was shown which the jury might believe amounted to bad faith, wilful fraud and concealment.

But, while *Windsor Forest,* supra, is a stronger case, the defendant in the case sub judice was an experienced

builder and presumptively knew all about the mortar and its deficiency. He admitted that the brickwork was deficient. There was circumstantial evidence that the defendant was aware of the defective mortar. The jury might also determine defendant put plaintiff to unnecessary trouble and expense since it is unquestioned that there was inferior brickwork in the construction of the dwelling. The court did not err in charging on attorney fees. See *Standard Oil Co. v. Mt. Bethel Church,* 230 Ga. 341, 343 (3) (196 SE2d 869); *Mosely v. Sanders,* 76 Ga. 293 (3); *Grant v. Hart,* 197 Ga. 662, 672, supra. All of the circumstances may be inquired into by the jury, despite defendant's contention he acted in the utmost good faith. See *Montgomery v. Pacific &c. Co.,* 131 Ga. App. 712 (206 SE2d 631).

3. It is the duty of the court under the law to charge the applicable rules of law governing each controlling issue raised in the trial of a case, whether such charge is requested or not. *Gober v. Atlanta Baking Co.,* 128 Ga. App. 679, 681 (197 SE2d 769). Both the pleadings and the evidence create a question as to the existence or nonexistence of fraud, actual or constructive. A very general charge on fraud was given, and a charge on the provisions of Code § 37-702 concerning the rule of law with respect to actual and constructive fraud would probably have been helpful. But when the parties were given a suitable opportunity to make objections to the charge under Code Ann. § 70-207 (a) (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078), counsel for appellant objected only to the giving of any charge on fraud, contending there was no evidence to authorize it. He did not, as he now contends, object to the failure to instruct as to Code §§ 37-702 and 37-703, contending they should have been given. He cannot now complain that he was insisting on a more complete charge on fraud when, in fact, he was contending there existed no fraud at all and no charge thereon should have been given. The objection to the charge must be stated and with sufficient particularity to leave no doubt as to the portion of the charge challenged or as to what the specific ground of challenge is. *Georgia Power Co. v. Maddox,* 113 Ga. App. 642 (1) (149 SE2d 393); *Wright v. Dilbeck,* 122 Ga. App.

214 (17) (176 SE2d 715). Since no proper objection was made, the alleged error cannot be considered on appeal.

*Judgment affirmed. Pannell, P. J., and Webb, J., concur.*

Argued May 9, 1974 — Decided September 20, 1974 — Rehearing denied October 9, 1974 —

*Gambrell, Russell, Killorin, Wade & Forbes, David A. Handley, Jack O. Morse,* for appellant.

*Harvey, Willard & Elliott, E. C. Harvey, Jr., Wendell K. Willard,* for appellee.