## 49687. CITY OF JESUP v. SPIVEY et al.

EVANS, Judge.

On October 15, 1971, L. B. Spivey and Mrs. Augusta B. Spivey, husband and wife, purchased certain cemetery lots from the City of Jesup, Georgia. The particular lots purchased did not appear on the plat of the cemetery, but purchasers were assured that the lots (which actually were within a road which ran along the side of the cemetery) were inside property which was annexed to and was a part of the cemetery. The lots were laid out by the city employees in the said road (annexed property) in presence of Mr. and Mrs. Spivey, and were then conveyed to them by deed executed by the City Manager of the City of Jesup for the consideration of $400. Thereafter, the Spiveys had an expensive mausoleum constructed on these cemetery lots.

After construction of the mausoleum, it was learned that the roadway in which the lots and mausoleum were located had been dedicated to the City of Jesup for street purposes only. It was contended by the city that the conveyance to the Spiveys was illegal, because it did not have the right, power and authority to convey fee-simple title to said lots in view of the dedication for street purposes only. The city demanded that the mausoleum be moved. Efforts to arrange for removal of the mausoleum to another location in the cemetery were unsuccessful; and the Spiveys requested reimbursement for their expense and damages. The city refused to make reimbursement.

The Spiveys filed suit against the City of Jesup and those persons who claimed a reversionary interest in the lots; and sought a declaration of rights; and in the event burial rights in this property did not exist, they sought general and punitive damages, and attorney fees.

Defendant city answered and denied liability; admitted executing the conveyance as to said lots, but contended they were without authority to convey burial rights therein because of the dedication of said land for street purposes only. A pre-trial order was entered, in which a stipulation of facts, containing the foregoing, was set forth; and the declaration of rights sought by plaintiffs was eliminated.

The case proceeded to trial on questions as to whether the city was negligent and guilty of legal fraud as defined by Code § 37-703, in failing to ascertain the true facts as to title and advise plaintiffs; as to whether the deed was invalid because made by the City Manager (ultra vires and outside the scope of his employment), and should have been executed by the Cemetery Commission; and as to whether or not plaintiffs failed to exercise reasonable diligence in discovering the truth as to lack of the city's power and authority to convey in view of the dedication for street purposes.

During the trial, the defendant city moved for directed verdict as to plaintiffs' entire case; and also moved separately for directed verdict as to punitive damages and attorney fees, which motions were o-verruled. The jury returned a verdict awarding general and punitive damages and attorney fees. Defendant then moved for judgment notwithstanding the verdict, in accordance with its motions for directed verdict; and in the alternative moved for a new trial. The court granted the motion for judgment notwithstanding the verdict as to the punitive damages, but denied all other motions. Defendant appeals. *Held:*

1. The motion for summary judgment by defendant city cannot be considered for the reasons hereafter set out.

Where a motion for summary judgment is denied, as is the case here, appeal may be made only with a certificate of review. The order of denial is not subject "to

review by direct appeal or otherwise" unless the certificate of review is obtained within ten days of the order. Code Ann. § 81A-156 (h) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238); *Moulder v. Steele,* 118 Ga. App. 87, 88 (3) (162 SE2d 785); *Carroll v. Campbell,* 121 Ga. App. 497 (174 SE2d 375). The enumeration claiming error because of the denial of summary judgment after trial comes too late and is not meritorious.

2. The evidence was sufficient to support the finding of the jury, and neither the general grounds of motion for new trial, nor motion for judgment notwithstanding the verdict, are meritorious. The lower court did not err in denying said motions, either as to general damages or attorney fees.

3. The case is one for legal fraud against the city, arising out of the conveyance of land for burial purposes which the city actually could not sell for burial purposes; and in negligently failing to properly ascertain this fact before plaintiffs had incurred expenses in developing the mausoleum on the lots. See Code § 37-703. The evidence presents questions of diligence and negligence (as to both plaintiffs and defendant), bad faith, and unnecessary trouble and expense arising out of the transaction. Code § 20-1404; *Hardin v. Baynes,* 198 Ga. 683 (2d) (32 SE2d 384); *Jackson v. Brown,* 209 Ga. 78 (1), 79 (70 SE2d 756); *Grant v. Hart,* 197 Ga. 662, 672 (30 SE2d 271); *Standard Oil Co. v. Mt. Bethel Church,* 230 Ga. 341, 343 (196 SE2d 869); *Thibadeau Co. v. McMillen,* 132 Ga. App. 842 (209 SE2d 236). The court did not err in allowing the jury to consider an award of attorney fees; and the award of attorney fees had evidence to support it.

4. Generally, cautionary instructions are not favored since in most instances they are productive of confusion and tend to restrict the jury in its consideration of the case, although there are cases in which charges of this nature were given. *Butler v. Kane,* 96 Ga. App. 521, 525 (100 SE2d 598); *Southern R. Co. v. Grogan,* 113 Ga. App. 451, 457 (148 SE2d 439); *McTyier v. State,* 91 Ga. 254, 255 (6) (18 SE 140). But in an appropriate and proper case, if requested, cautionary instructions as to prejudice should be given in charge to the jury. *Powers v. State,* 138 Ga. 624 (5) (75 SE 651). Of course, a request to charge

that sympathy should not be shown to *one of the parties only* is argumentative and should not be given. But here defendant, in writing, requested the court to charge that in making their verdict, sympathy should not be shown to plaintiff or defendant, which avoids the charge of being argumentative. In *Emory University v. Lee,* 97 Ga. App. 680, 698 (104 SE2d 234), it is stated: "In *Powers v. State,* 138 Ga. 624 (5) (75 SE 353), the Supreme Court made it clear that in an appropriate and proper case cautionary instructions as to prejudice should, if requested, be given in charge to the jury." Here there was testimony that the plaintiffs were aged persons, Mrs. Spivey being "eighty years old" (T. p. 103), she being in bad health and unable to work, having been a school teacher for much of her life, having taught "for fifty years" (T. p. 105), and plaintiffs were seeking to establish a final burial place. The plaintiff having injected this testimony into evidence, and the defendant having requested in writing the cautionary charge, the court erred in failing to charge same. The enumeration of error complaining of the failure to give this charge is meritorious.

5. The verdict was not excessive, nor was it contrary to law. It was supported by the evidence. Defendant contends the moving and relocation of the mausoleum was shown to cost not more than $7,310.00, which, when added to the purchase price of the lots ($400) amounted to $7,710, and that anything in excess of the latter fig- ure was excessive and without supporting evidence. However, there was evidence before the jury showing the costs of the lots and the mausoleum amounted to $9,448. The jury awarded this latter sum, which was exactly the cost of the lot and the cost of the mausoleum. There is no merit in this enumeration of error.

But, for reasons stated in Division 4, above, a new trial will be necessary.

*Judgment reversed. Pannell, P. J., and Webb, J., concur.*

ARGUED SEPTEMBER 4, 1974 — DECIDED NOVEMBER 26, 1974.

*Thomas, Howard & Smith, Robert B. Smith,* for

appellant.

*Zorn & Royal, William A. Zorn,* for appellees.