## 62748. TURNER et al. v. WILMOUTH.

BIRDSONG, Judge.

Oral contract for house repairs. Mr. and Mrs. Turner engaged the services of the appellee Wilmouth to restore and repair a run-down house. Wilmouth agreed to refurbish the entire inside of the house, replacing plumbing, refinishing the floors, walls and ceilings for a cost of $7,000. Turner would pay for large appliances. Wilmouth performed the services for which he had contracted and received approximately one-half of the contractual amount. Turner, contending that the work was not performed in a workmanlike manner, refused to pay the remaining $2,900 plus, whereupon Wilmouth brought suit claiming the unpaid amount plus attorney fees for bad faith and stubborn litigiousness. Following a jury trial, the jury returned a verdict in favor of Wilmouth for the amount unpaid plus attorney fees amounting to almost $1,000. In support of the claim for attorney fees, Wilmouth presented evidence that he had a one-third contingency agreement with his attorney but offered no evidence as to the value of the attorney's services as such. The verdict of the jury in substance returned one-third of the principal amount claimed as attorney fees. Turner brings this appeal enumerating six errors. *Held:*

1. In his first two enumerations of error, Turner complains the trial court erred in giving a charge on impeachment by failing to delineate the effects of impeachment upon the impeached witness' testimony, and by failing to tell the jury it could consider the witness' demeanor on the witness stand.

Counsel did not request amplifying instructions on the subject of impeachment and indicated he had no objection to the instruction as given. Where counsel for the appellant was given a suitable opportunity to object to the charge given and gave his approval of the charge by stating he had no objection thereto, he cannot now complain that the charge was not as complete as it should have been. *Durrett v. Farrar,* 130 Ga. App. 298, 306 (203 SE2d 265); *Biddinger v. Fletcher,* 116 Ga. App. 532 (3) (157 SE2d 764). See *Griffin v. State,*

195 Ga. 368, 371, 372 (24 SE2d 399). Appellant not having raised an issue before the trial court below cannot do so for the first time on appeal to this court. There is no merit in these enumerations.

2. In Enumerations 3 and 4, appellant contends the award of attorney fees was improper. We agree.

As pointed out by appellant, appellee Wilmouth presented no evidence as to the value of services rendered by his attorney. The only evidence offered was that he (Wilmouth) had agreed to pay his attorney a contingent fee of one-third of any verdict recovered. Pretermitting the question of whether such evidence would be a sufficient basis for the award of attorney fees, we are constrained to conclude that attorney fees are not recoverable in this case because there was a bona fide controversy between the parties. Good faith evidence was offered by Wilmouth that he had performed all his contractual obligations in a workmanlike manner. Equally good faith evidence was offered by Turner that the work was not performed properly. Turner claimed that much of the work had to be redone and submitted a counterclaim in excess of the amount sought by Wilmouth.

Attorney fees are not recoverable where there is a bona fide controversy. *Woodson v. Burton,* 241 Ga 130, 131-132 (243 SE2d 885); *Georgia-Carolina Brick &c. Co. v. Brown,* 153 Ga. App. 747, 753 (266 SE2d 531). Furthermore, we find no evidence of bad faith on the part of Turner arising out of the original contract. See *Lovell v. Frankum,* 145 Ga. 106, 109 (88 SE 569). Under the facts of this case, we conclude that it was error for the trial court to submit to the jury the issue of attorney fees in that there was no evidence to support such a verdict.

3. In Enumeration 5, Turner contends that it was error to allow evidence of a burglary conviction to be introduced against Turner as impeachment. Apparently, based on some confusion, counsel for Wilmouth believed he had to introduce evidence of the conviction prior to the time that Turner testified. In an effort to introduce the burglary conviction plus misdemeanor assault, appellee's counsel offered documentary evidence of prior convictions for purposes of marking them as exhibits. Appellant immediately objected and moved for a mistrial. The jury was excused and the trial court refused to admit the misdemeanor conviction as a means of impeachment; however, after cross-examination of the appellant, the trial court did allow appellee to introduce evidence of the burglary conviction as a crime involving moral turpitude going directly to veracity. The trial court clearly and strongly charged the jury to disregard any comment as to "a criminal conviction" and chastised appellee's counsel in the presence of the jury. Turner did not object to the sufficiency of the court's corrective action nor did he renew his motion for mistrial after

that corrective action. If Turner was dissatisfied with the sufficiency of the cautionary instructions, he should have pursued the matter and if the court's action still was not deemed sufficient to correct the error, Turner should have renewed his request for mistrial. *Pitts v. State,* 141 Ga. App. 845, 846 (8) (234 SE2d 682). The grant or denial of a mistrial based upon the erroneous admission of or reference to inadmissible evidence is a matter that rests within the sound discretion of the trial court. This court will not interfere with the exercise of that discretion except upon a showing of a gross abuse of that discretion. *Southeastern Greyhound Lines v. Hancock,* 71 Ga. App. 471 (31 SE2d 59). Our examination of the record shows that the jury was never aware of the misdemeanor conviction and that the corrective action taken by the court was sufficient to disabuse the jury of any taint and apparently satisfied counsel for Turner inasmuch as he did not renew the motion. We find no merit in this enumeration.

4. In his last enumeration of error, Turner argues that the trial court improperly commented that the appellee Wilmouth could not read or write and otherwise repeatedly interrupted counsel for Turner during the cross examination. The trial court has the right and the obligation to ask questions, restrict examination, and otherwise control the course of the proceedings in order to insure the truth is given to the jury in orderly fashion. *Hopkins v. Allen,* 123 Ga. App. 330 (180 SE2d 919). In the absence of abuse, we will not interfere with the exercise of that discretion. The trial court is more than a mere referee or arbiter but is vested with the power to insure justice. Moreover, we note that the comment of the trial court was uttered during a colloquy with counsel referring to an obvious fact (i.e., that Wilmouth could not read or write) and amounted to no more than an appropriate effort to control the nature of cross-examination in consideration of the educational limitations of the witness. We find no abuse of discretion in such action. *Bradley v. State,* 137 Ga. App. 670, 673 (8) (224 SE2d 778).

Judgment affirmed provided the appellee Wilmouth writes off the $987 awarded as attorney fees; otherwise, reversed.

*Judgment affirmed with direction. Shulman, P. J., and Sognier, J., concur.*

DECIDED JANUARY 19, 1982.

*Daniel J. Craig,* for appellants.
*Duncan D. Wheale,* for appellee.