## 75383. OSTROM et al. v. KAPETANAKOS.
### (365 SE2d 849)

CARLEY, Judge.

Pursuant to a written contract, appellant-defendants engaged appellee-plaintiff as an employee. After seven months, appellee's employment was terminated by appellants. Appellee brought this suit, seeking to recover compensation which was allegedly earned by him, but which was unpaid by appellants. Appellee also sought an award of attorney's fees pursuant to OCGA § 13-6-11. Appellants answered and asserted, among their other defenses, a failure of consideration in that

appellee had not performed his obligations under the written contract.

After a jury trial, a verdict was returned in favor of appellee awarding him $1,500 in general damages and $1,370 in attorney's fees as against each appellant. Appellants filed this direct appeal from the judgment that was entered by the trial court on the jury's verdict. In their sole enumeration, appellants assert that the trial court erroneously denied their motion for directed verdict as to the issue of attorney's fees.

1. Appellee has moved this court to dismiss appellants' appeal for lack of jurisdiction. Appellee's contention is that, insofar as each appellant ultimately seeks only the reversal of the $1,350 judgment for attorney's fees, their appeal is from a judgment for "$2,500.00 or less" and must, therefore, be deemed to be discretionary pursuant to OCGA § 5-6-35 (a) (6). However, the final judgment which was entered as against each appellant is in the total amount of $2,850 and the fact that their enumerations of error address only a portion of that judgment will not serve to render their appeal discretionary. Under OCGA § 5-6-35 (a) (6), it is the amount of the underlying final judgment from which an appeal is taken, not the enumerations of error, which determines the direct or discretionary appealability of any given case. "By its own terms OCGA § 5-6-35 (a) (6) applies when there is an action for damages and the result is a judgment of $2,500 or less. [Cit.] We interpret this to mean that an application is required when a party seeking a money judgment prevails, that is[,] a judgment for some sum is obtained but the award is $2,500 or some lesser sum." *Brown v. Assoc. Fin. Svcs. Corp.*, 255 Ga. 457 (339 SE2d 590) (1986). Appellants each seek to appeal from a judgment in excess of $2,500. Therefore, no applications for a discretionary appeal were required and this court has jurisdiction over this direct appeal. Compare *Vaughn v. Cable East Point*, 185 Ga. App. 203 (363 SE2d 639) (1987.)

2. As indicated, appellants' sole enumeration is that the trial court erred in failing to grant their motion for a directed verdict on the issue of attorney's fees.

There is some question whether it is former or existing OCGA § 13-6-11 that is the controlling statutory authority. All relevant events in this case occurred prior to February 3, 1984, the effective date of existing OCGA § 13-6-11, but this case was not tried until afterwards. Under both former and existing OCGA § 13-6-11, a recovery of attorney's fees would be authorized as against a defendant who has been shown to have acted in bad faith, or to have been stubbornly litigious, or to have caused the plaintiff unnecessary trouble and expense. However, existing OCGA § 13-6-11, unlike former OCGA § 13-6-11, contains no specific limitation of proof as to the defendant's bad faith "in

making the contract." However, a thorough review of the transcript in this case shows that there is ultimately no need to determine whether it is former or existing OCGA § 13-6-11 that is controlling authority. To recover under the "bad faith" portion of either statutory provision would obviously require that appellee make a showing of the existence of appellants' "bad faith" at some point in time. The most that appellee showed was that appellants had failed to pay such compensation as, according to him, he was entitled to receive. "Mere failure to pay a claim is not bad faith." *Raybestos-Manhattan, Inc. v. Friedman*, 156 Ga. App. 880, 883-884 (2) (275 SE2d 817) (1981). See also *Glenn v. Fourteen West Realty*, 169 Ga. App. 549, 551 (2) (313 SE2d 730) (1984). It would necessarily follow under the "bad faith" portion of neither former nor existing OCGA § 13-6-11 would the issue of appellee's entitlement to a recovery of attorney's fees have been correctly submitted to the jury.

Accordingly, only if appellee produced some evidence of appellants' "stubborn litigiousness" or that they caused him "unnecessary trouble and expense" would the issue of attorney's fees have correctly been submitted to the jury in this case. "Stubborn litigiousness refers to situations where a defendant forces suit where no 'bona fide controversy' exists. [Cit.]" *Bank South v. Harrell*, 181 Ga. App. 64, 67 (3) (351 SE2d 263) (1986). "Where no defense exists [to the suit or the contract], . . . forcing a plaintiff to resort to the courts in order to collect is plainly causing him 'unnecessary trouble and expense.' [Cits.]" *Sawgrass Bldrs. v. Realty Cooperative*, 172 Ga. App. 324, 326 (2) (323 SE2d 243) (1984). See also *Buffalo Cab Co. v. Williams*, 126 Ga. App. 522, 524 (191 SE2d 317) (1972); *Nestle' Co. v. J. H. Ewing & Sons*, 153 Ga. App. 328, 333 (4) (265 SE2d 61) (1980). Our review of the transcript of this case clearly reveals that there existed a bona fide controversy as to appellee's performance under the contract and as to the extent to which appellants were contractually liable to compensate appellee for that performance. Accordingly, appellants were not without a defense to appellee's action seeking to recover under the terms of the contract. If a recovery of attorney's fees was authorized in this case, attorney's fees would be recoverable in any breach of contract action wherein the plaintiff prevailed notwithstanding the existence of an actual controversy and the defendant's presentation of a viable but unsuccessful defense. Accordingly, "[u]nder the facts of this case, we conclude that it was error for the trial court to submit to the jury the issue of attorney['s] fees in that there was no evidence to support such a verdict." *Turner v. Wilmouth*, 161 Ga. App. 2, 3 (2) (288 SE2d 839) (1982).

3. For the reasons discussed in Division 2, the $1,350 judgments against appellants and in favor of appellee for attorney's fees are reversed. There being no enumeration of error as to the $1,500 judg-

ments against appellants and in favor of appellee for general damages, those judgments are affirmed.

*Judgments affirmed in part and reversed in part. Banke, P. J., and Benham, J., concur.*

DECIDED JANUARY 12, 1988 —
REHEARING DENIED FEBRUARY 3, 1988.

*Gene Burkett*, for appellants.
*Fred J. Stokes*, for appellee.