## 77442. POWELL v. WATSON et al.
(378 SE2d 867)

BIRDSONG, Judge.

This is a case where the installer of insulation and drywall in a new house in 1985, sued the owners (Watsons) for their failure to pay him for his work. The case was tried and the jury returned a verdict of actual damages for the plaintiff, and attorney fees in the amount of $3,000. The damages verdict for plaintiff is not appealed from; the appellant's only enumeration of error is that the trial court erred in entering a j.n.o.v. striking the attorney fees.

The plaintiff-appellant specifically pled and prayed for attorney fees for the defendants Watsons' bad faith. During the course of the trial, the defendants Watsons moved for a directed verdict on the issue of attorney fees for bad faith, because "there was a genuine controversy [the absence of] which is the prerequisite or the sine qua non in order to substitute [attorney fees]—." The trial judge denied defendants' motion, saying it was a jury issue, "albeit somewhat vague," upon which he could not encroach.

The defendants subsequently made a motion j.n.o.v. to strike the $3,000 attorney fee award, arguing again that the existence of a bona fide controversy in the case precluded an award of attorney fees for bad faith. The trial judge granted the motion j.n.o.v., holding: "The evidence adduced . . . shows that there was a bona fide dispute between the parties as to whether or not defendants were indebted to the plaintiff for the principal amount prayed for." The court then found there was no evidence of bad faith on the part of the defendants in defending the claim, but given the misapprehension of law

below that a bona fide dispute precludes a finding of bad faith, this holding that there was no evidence of bad faith cannot be taken literally. *Held*:

There was some evidence of bad faith on the part of defendants Watsons, as the trial court itself held in denying defendants' motion for directed verdict and sending the issue to the jury. The gist of the ruling below, in later striking the attorney fees by j.n.o.v., seems to be that if a bona fide controversy exists as to liability, and there has been no stubborn litigiousness by raising an invalid defense, there can be no "bad faith" authorizing attorney fees under OCGA § 13-6-11. In so concluding, the trial court relied heavily upon the statement in *Ostrom v. Kapetanakos*, 185 Ga. App. 728, 730 (365 SE2d 849), that: "[T]here existed a bona fide controversy as to appellee's performance under the contract and as to the extent to which appellants were contractually liable. . . . Accordingly, appellants were not without a defense. . . . If a recovery of attorney's fees was authorized in this case, attorney's fees would be recoverable in any breach of contract action wherein the plaintiff prevailed notwithstanding the existence of an actual controversy and the defendant's presentation of a viable but unsuccessful defense. Accordingly, *'(u)nder the facts of this case*, we conclude that it was error for the trial court to submit to the jury the issue of attorney['s] fees in that *there was no evidence* to support such a verdict.' *Turner v. Wilmouth*, 161 Ga. App. 2, 3 (2) (288 SE2d 839) (1982)." (Emphasis supplied.)

In *Georgia-Car. Brick &c. Co. v. Brown*, 153 Ga. App. 747, 750-754 (266 SE2d 531), we raked thoroughly over the gross misconception that the existence of a bona fide dispute or controversy has an absolute logical connection to whether there has been bad faith in the defendant's dealings with the plaintiff. Although there be clearly a bona fide controversy as to liability or amount of liability, not only may a party still be intransigently stubbornly litigious, causing a great deal of unnecessary trouble and expense, but the jury might well, and with perfect logic, find that despite some grounds for bona fide dispute as to liability, the defendant is not only liable, but that in addition he acted in the most atrocious bad faith in his dealing with the plaintiff. See id. pp. 753-754.

We said nothing to the contrary in *Ostrom*, supra. In that case, everything that was said at page 730 concerning the impropriety of a recovery of attorney fees where there is a bona fide controversy, referred in fact to the absence of *stubborn litigiousness*, which " 'refers to situations where a defendant forces suit where no "bona fide controversy" exists. [Cit.]' " Id. p. 730.

In *Ostrom*, we did not say that where there is a genuine dispute there can be no "bad faith." We merely found in that case that there was no evidence or element of bad faith in defendant's mere refusal to

pay. This is what distinguishes *Ostrom* from this case. The trial court here, in first denying defendants' motion for directed verdict, conceded there was evidence of bad faith of defendants, "albeit somewhat vague," and he gave the matter to the jury, which decided as fact that there *was* bad faith to support attorney fees in this case. That being their finding of fact upon the matters set before them, who are we to say the jury's conscience on the issue of bad faith was wrong? In such cases, both the trial court and the appellate court are bound to construe the evidence in favor of the jury's verdict. *United Fed. S & L Assn. of Waycross v. Connell*, 166 Ga. App. 329, 330-331 (304 SE2d 131).

In granting j.n.o.v. below, the trial court evidently concluded there could be, as a matter of law, no evidence of bad faith because there was a bona fide dispute as to liability. This was incorrect. Certainly there was some dispute made as to whether the plaintiff appellant performed the work properly and whether the defendants owed the money; but once the jury put an end to that dispute, why may it not then decide the defendants also acted in bad faith? The jury found this result logical and so do we. Nothing in *Ostrom*, supra, or in *Georgia-Car. Brick Co.*, supra, or any of the cases cited therein, actually suggests a contrary analysis, and in *Georgia-Car. Brick Co.*, we expressly rejected it.

The award of attorney fees should be reinstated.

*Judgment non obstante veredicto reversed. Banke, P. J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur fully in the conclusion but it should be made clear that the only ground relied upon by plaintiff, of the three provided in OCGA § 13-6-11, was bad faith. Apparently the trial court cross-matched it with the measurement for the stubborn litigiousness ground, which was not in issue, and this led to error.

Plaintiff's complaint alleged solely the bad faith theory as a basis for claiming attorney fees, but he amended it to allege also stubborn litigiousness, the causing of undue expense in the prosecution and presentation of suit, and "recalcitrance." However, by pretrial order the basis was again limited to bad faith.

The court gave the jury all the charges on the subject requested by both parties, including the whole statute and some principles related to the two grounds other than bad faith, but it clearly stated that the claim for attorney fees was based on a contention that defendants' actions were in bad faith. Later, in instructing the jury on the verdict form, the court expressly instructed that an award of attorney fees would be proper only if the jury found "that the defendants have been guilty of bad faith in their dealings with the plaintiff

. . . ."

There were no objections to any of the charges, the jury retired briefly, and a verdict in nearly the full amount of the principal sought,[1] plus interest and attorney fees, was returned.

On appeal, plaintiff explains again that he sought attorney fees "for [defendants'] bad faith in their dealings with the [plaintiff]." The question is whether plaintiff's evidence comes within the statute's meaning of "bad faith," as construed by the appellate courts.

Although when the new code was adopted in 1982 the bad faith ground in OCGA § 13-6-11 was facially limited to "bad faith in making the contract," the four circumscribing words were eliminated by a comprehensive act in 1984, which corrected "typographical, stylistic, and other errors and omissions" in the Code and provided "for necessary or appropriate revisions and modernizations of matters contained" in it. Ga. L. 1984, pp. 22, 35. It does not appear in the reported cases that the limiting words were given much effect in the interim, see, e.g., *City of Marietta v. Holland*, 252 Ga. 299, 303 (3) (314 SE2d 97) (1984), so the pre-1984 cases dealing with the bad faith ground have not lost their efficacy. For a. case which points out the change, see *Ostrom v. Kapetanakos*, 185 Ga. App. 728, 729 (2) (365 SE2d 849) (1988).

Thus plaintiff is on solid ground when he asserts that he can recover attorney fees if he shows bad faith in the transaction with defendants, not exclusively bad faith on the part of defendants in making the contract. " 'The bad faith referred to has been consistently held by Georgia courts to refer to the conduct of the defendant in his dealings with the plaintiff out of which the suit arose, . . .' " *Southern Bell Tel. v. C & S Realty Co.*, 141 Ga. App. 216, 222 (2) (233 SE2d 9) (1977) (overruled as to another point, *Ga.-Car. Brick &c. Co.*, supra at 752).

Recovery of expenses of litigation on the bad faith ground are sustainable if there is evidence that "the contract was made in bad faith or that the [defendants] breached it as a result of some sinister motive." *California Fed. Savings &c. Assn. v. Hudson*, 185 Ga. App. 384, 389 (7) (364 SE2d 582) (1987), quoting *Glen Restaurant v. West*, 173 Ga. App. 204, 205 (325 SE2d 781) (1984). Accord *Hightower v. Gen. Motors Corp.*, 175 Ga. App. 112 (2) (332 SE2d 336 (1985), aff'd 255 Ga. 349 (338 SE2d 426) (1986). "Bad faith authorizing an award of attorney fees in a contract action must relate to the conduct of entering the contract or to the transaction and dealings out of which

---

[1] The amount of the verdict in relation to the size of the demand is not conclusive evidence one way or the other, although it is relevant under the bad faith, as well as the stubborn litigiousness, theory. *Ga.-Car. Brick &c. Co. v. Brown*, 153 Ga. App. 747, 750 (2B) (266 SE2d 531) (1980).

the cause of action arose, which includes not only the negotiations and formulation of the contract but also performance of the contractual provisions. *Edwards-Warren Tire Co. v. Coble*, 102 Ga. App. 106, 113-114 (115 SE2d 852) (1960)." *Hayes Constr. Co. v. Thompson*, 184 Ga. App. 482, 484 (2) (361 SE2d 865) (1987). The jury may award attorney fees "if the defendant has acted in bad faith in the transaction out of which the cause of action arose." *Standard Oil Co. v. Mt. Bethel U. M. Church*, 230 Ga. 341 (3) (196 SE2d 869) (1973); *Bowman v. Poole*, 212 Ga. 261 (3) (91 SE2d 770) (1956). In the contract case of *Thibadeau Co. v. McMillan*, 132 Ga. App. 842, 843 (1), (2) (209 SE2d 236) (1974), attorney fees for "bad faith" were authorized by evidence the builder knew that defective mortar was being used. *Hayes Constr. Co.*, supra, on the other hand, is a contract case where bad faith was found in evidence of refusal to pay the retainage for contracted work.

Defendants were required to perform by paying, which they did not do. The jury was authorized to find that they manifested bad faith in refusing and failing to pay, under the "any evidence" rule, which applies *Ken-Mar Constr. Co. v. Bowen*, 245 Ga. 676 (266 SE2d 796) (1980). (Although that appears to have been a stubborn litigiousness case, the rule is broadly stated.) This was more than "mere failure to pay a claim," which would not be bad faith. *Ostrom*, supra at 730. Bad faith versus good faith is a question for the jury, to be determined "from consideration of facts and circumstances in the case." *Hodges v. Youmans*, 129 Ga. App. 481, 483 (3) (200 SE2d 157) (1973).

The evidence showed that money for Powell's work had been placed in escrow but the Watsons received it back rather than having any of it disbursed at closing. They did not pay the generally accepted 90 percent at completion with a retainage of 10 percent until all work was completed in a satisfactory manner. They did not pay the general contractor the full price to which he was entitled nor the paint contractor the amount of his contract, although one of the defendants testified that both had been paid in full. He had also told plaintiff that he would have to sue the paint contractor before he paid plaintiff any amount because the painter had not completed the job, but the painter was told that defendant refused to pay the painter any further sums until defendants sued plaintiff. Yet there was evidence that defendant was satisfied with the work of plaintiff. Many of defendants' complaints were not related to plaintiff's work or area of responsibility.

Other examples of the bad faith ground are found in *Royal Crown Cos. v. McMahon*, 183 Ga. App. 543, 546 (4) (359 SE2d 379) (1987) and *Sanders v. Hughes*, 183 Ga. App. 601, 602 (2) (359 SE2d 396) (1987). The distinction between the bad faith ground, which is asserted here, and the stubborn litigiousness ground, which requires

the absence of a *bona fide* controversy, a genuine dispute, appears in the example of *Nestle' Co. v. J. H. Ewing & Sons*, 153 Ga. App. 328, 332 (4) (265 SE2d 61) (1980). Some cases, however, do not make clear the distinction, and the principles related to one ground may be found, at least in wording, in considering another ground. See *EBCO Gen. Agency v. Mitchell*, 186 Ga. App. 874, 875 (2) (368 SE2d 782) (1988). It happened below, and thus I agree that the error must be corrected.

DECIDED JANUARY 24, 1989 —
REHEARING DENIED FEBRUARY 21, 1989 — 

*Clyde M. Urquhart*, for appellant.
*William E. Dismer*, for appellees.