### A91A0972. STONE v. ALLEN et al.
(412 SE2d 605)

POPE, Judge.

Plaintiffs Joseph and Aloma Allen brought suit against defendants James L. Stone and Poolco, Inc. d/b/a Pools by Stone alleging, inter alia, that defendants breached the parties' contract for the construction of a swimming pool. The jury returned a verdict against both defendants jointly and severally, awarding plaintiffs $5,545. on their breach of contract claim and $3,841.50 attorney fees. Defendant James L. Stone appeals, contending the trial court should have granted his motions for directed verdict and judgment notwithstanding the verdict (jnov). We affirm.

1. In his first and third enumerations of error, defendant contends the trial court erred in refusing to grant his motions for directed verdict and jnov because the evidence failed to show he was a party to the contract sued upon by plaintiffs. Rather, defendant argues, the evidence at trial showed plaintiffs had contracted with the corporate entity Poolco, Inc., operating under the trade name Pools by Stone, and thus he could not be individually liable under the facts of this case. We disagree.

The evidence presented at trial showed that defendant began operating a swimming pool installation business under the name Pools by Stone in 1961. At that time the business was operated as a sole proprietorship. Defendant testified that Poolco, Inc., was incorporated in 1984 and since that time the business was no longer operated as a sole proprietorship but as a corporation doing business under the unregistered trade names Pools by Stone and Stone Plumbing Co. The parties executed the contract here in December 1988. The name "Pools by Stone," followed by an address, appeared across the top of the contract which was signed by defendant's son as the representative for the "contractor" Pools by Stone. The contract made no reference to Poolco, Inc., or otherwise indicated that "Pools by Stone" was a division or trade name used by Poolco, Inc. Plaintiffs made all payments under the contract to Pools by Stone and were unaware of the corporate entity Poolco, Inc., until they got back their cancelled checks and saw that they had been deposited in an account bearing the name Poolco, Inc. d/b/a Stone Plumbing Co.

"In determining whether the trial court erred by denying [defendant's] motions for a directed verdict and motion for judgment n.o.v., this court must view and resolve the evidence and any doubt or ambiguity in favor of the verdict and judgment n.o.v. A directed ver-

dict and judgment n.o.v. is not proper unless there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom *demands* a certain verdict." (Citations and punctuation omitted.) *Parks v. Howard,* 197 Ga. App. 405, 407 (398 SE2d 308) (1990). Although defendant testified that Pools by Stone was simply a trade name used by one "division" of the corporate entity Poolco, Inc., no evidence was presented to show that plaintiffs knew or should have known they were contracting with a corporate entity known as Poolco, Inc. The name "Pools by Stone" was not registered as a trade name of Poolco as required by OCGA § 10-1-490. See *Jones v. Burlington Indus.,* 196 Ga. App. 834 (2) (397 SE2d 174) (1990) (holding that an unregistered corporate trade name is to be regarded as a fictitious or personal business name, resulting in individual liability to the user). The contract did not disclose that plaintiffs were contracting with Poolco or with any other *corporate* entity, but instead referred only to "Pools by Stone," a trade name defendant had used in operating his swimming pool business since 1961. Under these circumstances, where the evidence does not demand a verdict for either the plaintiffs or the defendant, we cannot say that the trial court erred in denying defendant's motion for directed verdict and motion jnov. Cf. *Pinson v. Hartsfield Intl. Commerce Center,* 191 Ga. App. 459 (382 SE2d 136) (1989) (in which the corporate identity of the contracting party was clear, although a misnomer was used in identifying the corporation) and *Hawkins v. Turner,* 166 Ga. App. 50, 52 (1) (303 SE2d 164) (1983) (in which the court held the use of the designation "Inc." raised the inference that the party knew the contract was executed by a corporate entity).

2. Defendant also contends the trial court erred in submitting the issue of "piercing the corporate veil" to the jury, which defendant argues, was the effect of the trial court's denial of his motions. First we note it was defendant who submitted this issue to the jury by requesting a charge on this issue. Moreover, as noted by the trial court, and as held in Division 1, defendant's individual liability in this case does not devolve from a piercing of the corporate veil but rather results from a lack of evidence to establish that the corporate entity Poolco, Inc., was a party to the contract here. Consequently, we find no merit to this enumeration.

3. Contrary to defendant's final argument on appeal, the trial court did not err by refusing to grant his motion for directed verdict or jnov on the issue of attorney fees. See generally *Powell v. Watson,* 190 Ga. App. 375 (378 SE2d 867) (1989); *Thibadeau Co. v. McMillan,* 132 Ga. App. 842 (1 & 2) (209 SE2d 236) (1974); *Edwards-Warren Tire Co. v. Coble,* 102 Ga. App. 106 (2) (115 SE2d 852) (1960). Consequently, this enumeration is without merit.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED NOVEMBER 18, 1991.

*Adams & Hemingway, Ward Stone, Jr., David A. Garland*, for appellant.

*Mathis, Sands, Jordan & Adams, Charles A. Mathis, Jr.*, for appellees.