## SMITH v. TATUM.

LUMPKIN, J. 1. The general rule, in the absence of a different agreement, is that a real-estate broker in whose hands property is placed for sale earns his commissions when, during the agency, he finds a purchaser ready, willing, and able to buy, and who offers to buy on the terms stipulated by the owner. If the evidence shows such facts, and the owner refuses to carry out the trade, it is not generally necessary, in order for the broker or agent to recover his commissions, that the proposed purchaser should make to the proposed vendor an actual tender of the purchase-price.

2. Where the relation between the owner of land and another is not that of principal and agent or owner and broker, but that of proposed vendor and purchaser, if the purchaser seeks to obtain specific performance of a contract of sale for cash, or to recover damages for an alleged breach of such a contract by the vendor by refusing to make a conveyance, the general rule is that a tender of the cash must be made, unless it is waived.

3. A petition alleged that the defendant, an owner of land, employed the plaintiff to procure a purchaser for it, and agreed that if the plaintiff would find a purchaser at the price of $5,500, the defendant would convey the land to such purchaser or purchasers; and that if the plaintiff should sell the place for more than that amount, he should have the excess as compensation for his services and expenses. The evidence on behalf of the plaintiff tended to show, that the defendant agreed with the plaintiff (who was not a real-estate broker) that if the former could sell the lot and get the latter $5,500 cash, the defendant would make the plaintiff a deed to it; that the defendant did not say anything about paying the plaintiff for his services, but that if the plaintiff got

any more than $5,500, it made no difference, and that the plaintiff could have any more than that sum which he got. *Held*, that the allegata and próbata did not correspond. The former made a case of agency, with compensation to be measured by the amount in excess of $5,500 for which he could sell the property for the owner. The latter made a case of a contract to convey to the plaintiff for that amount in cash, leaving him to retain for himself any greater sum which he might. receive from another purchaser.

(a) Under the case made by the evidence, a tender of the amount of purchase-money was necessary, unless waived, in order to recover for a breach of the contract by a refusal to convey.

(b) There was no sufficient evidence of an unconditional tender or waiver thereof. A proposition for the owner to bring or send to a city in another State a conveyance to a purchaser from the plaintiff, and receive payment, or that such proposed purchaser would send a check to a bank to be delivered upon delivery of the conveyance, did not amount to a tender. Nor did a general statement of tender by the plaintiff suffice, where it appeared that · the facts did not constitute such a tender. *Terry* v. *Keim*, 122 *Ga.* 43 (49 S. E. 736).

(c) No question was raised as to the statute of frauds.

4. There was no error in granting a nonsuit.

> *Judgment affirmed. All the Justices concur.*
> OCTOBER 15, 1913.

Action for breach of contract. Before Judge Fite. Dade superior court. September 17, 1912.

*H. P. Lumpkin* and *W. U. & J. P. Jacoway,* for plaintiff.
*Foust & Payne,* for defendant.