### 22931. WILLARD v. WILLARD.

Mobley, Justice. The wife brought her petition for divorce, alimony and custody of a minor child of the parties against her husband alleging cruel treatment as her ground. The defendant in his answer denied the allegations of the petition, and stated that he did not desire a divorce, and that the petitioner should not be awarded a divorce, and that there are no legal grounds for divorce and have not been since the filing of the petition. Upon a trial of the case the jury rendered the verdict "we the jury find for the defendant." The wife filed her motion for new trial on the general grounds and on three special grounds. The trial court granted a new trial on the first and third of the special grounds. The exception is to that judgment. *Held:*

1. The first special ground complains that the court in under-

taking to charge the principles of *Code* § 38-107, as to how the preponderance of the evidence should be determined, omitted the following words of the Code section "the jury may also consider the number of the witnesses, though the preponderance is not necessarily with the greater number." This was harmful error, as upon the trial of the case the defendant offered only his own testimony, and six witnesses testified for the plaintiff, all on the controlling issues in the case and the verdict of the jury was against the plaintiff. See *Tucker v. Talmadge*, 186 Ga. 798, 800 (6) (198 SE 726) where this was specifically ruled, stating that where the court undertakes to charge the law upon a particular subject, it should charge all that is material and applicable in the case. *Farmers State Bank v. Kelley*, 166 Ga. 683 (144 SE 258), where the court held it was not error to fail to give this charge, is distinguishable on its facts.

In this ground, complaint is also made that the court erred in omitting the words "their intelligence" from his charge of *Code* § 38-107. This was also error. See *Fountain v. Mc-Callum*, 194 Ga. 269 (21 SE2d 610). Standing alone it might not have been such harmful error as would require a new trial, but on another trial of the case it should not be omitted from the court's charge of *Code* § 38-107.

2. The third special ground complains that the trial judge erred in charging that the wife was entitled to alimony "unless the wife has forfeited the claim she had on the husband for her support by her misconduct," because there was no evidence of any misconduct on the part of the wife and thus the charge was not supported by the evidence. The only evidence adduced against the wife was the testimony of the defendant himself, and he testified as to no misconduct by the petitioner. An instruction which, although correct as an abstract principle of law, is not supported by the evidence is an erroneous one. *Ware v. Martin*, 209 Ga. 135 (4) (70 SE2d 759); *Martin v. Smith*, 211 Ga. 600, 605 (87 SE2d 406); *Carter v. Dixon*, 69 Ga. 82 (4); *Wylly v. Gazan*, 69 Ga. 506 (2). The jury having found in favor of the defendant in denying alimony, the trial court properly concluded that the erroneous charge was harmful to the plaintiff and required the grant of a new trial. *Anderson v. Barron*, 208 Ga. 785 (3) (69 SE2d 874).

The trial judge properly granted the amended motion for new trial on both special grounds. See *Code Ann.* § 6-1608 (Ga. L. 1959, pp. 353, 354).

4

3. Since the judgment of the lower court is affirmed we will not consider the motion to dismiss the bill of exceptions.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 13, 1965—DECIDED MAY 6, 1965.

*William K. Buffington,* for plaintiff in error.
*Miller, Miller & Miller,* contra.