41522. PRITCHETT v. DODD.

FELTON, Chief Judge. 1. "The unconditional notice by the holder of a written option to purchase land, which is supported by a valuable consideration, to the other party, that

he has elected to purchase the property at the price and upon the terms stated in the option contract, converts the option contract into a contract of sale which is enforceable by the optionee against the optionor. The option, optionor, and optionee are metamorphosed into a contract of sale, vendor, and vendee." *Chatham Amusement Co. v. Perry,* 216 Ga. 445, 446 (2) (117 SE2d 320), and cit.

2. "An option to purchase can be exercised without the payment of the purchase price, or the tender thereof, unless the option contract provides for such payment as a condition precedent to the exercise of the option." *Snead v. Wood,* 24 Ga. App. 210 (1a) (100 SE 714). "On the sale of land, in the absence of express agreement, the payment of the purchase money and the delivery of the title deed are concurrent acts." *Emery v. Atlanta Real Estate Exchange,* 88 Ga. 321, 327 (14 SE 556).

3. Where a vendee sues to recover damages for an alleged breach of contract by the vendor by refusing to make conveyance, the general rule is that a prerequisite to a recovery therefor is a tender of the purchase money. Such tender is waived, however, by the vendor's proclaiming, by conduct or declaration, that, if a tender should be made, acceptance would be refused. *Emery v. Atlanta Real Estate Exchange,* 88 Ga. 321, 327, supra; *Smith v. Tatum,* 140 Ga. 719 (2) (79 SE 775); *Fraser v. Jarrett,* 153 Ga. 441, 451 (3) (112 SE 487).

4. As against general demurrer, the instant petition states a cause of action for breach of the written option contract in accordance with the foregoing principles. The only condition of the plaintiff's written notice of election to purchase was as to the date of the purchase, which was ten days after the date of the notice and this was as stipulated in the contract. The provision that the vendor was to execute the deed upon the payment of the purchase money in cash was not a condition precedent to the vendor's obligation to perform, so as to require a tender of the purchase money by the vendee within the ten-day period, but merely contemplated payment and delivery of the deed as concurrent acts, such as is customarily done in the usual course of such transactions. The notice given by the plaintiff was sufficient to place the burden on the defendant of responding thereto and making the necessary arrangements for the sale within the ten-day period, the failure to do which resulted in a breach of the contract. The

defendant waived a tender of the purchase money prior to the bringing of the action by giving notice of intention not to honor the contract. The court erred in sustaining the general demurrer to the petition.

*Judgment reversed. Jordan and Deen, JJ., concur.*

Submitted September 8, 1965—Decided October 15, 1965.

*Thomas A. Travis, Jr., Ralph Spain,* for plaintiff in error.