41916. SHEN et al. v. BRUCE.

Submitted April 4, 1966—Decided April 13, 1966.

*Hammond Johnson, Jr.,* for appellant.

*Reed & Dunn, Robert J. Reed,* for appellee.

JORDAN, Judge. 1. It is contended by the defendant that the trial court properly sustained the general demurrer to the petition since the facts alleged therein did not show that the plaintiffs had made an unconditional tender of the purchase price in cash and by three post-dated checks as provided in the option contract. This contention is without merit.

"Where a vendee sues to recover damages for an alleged breach of contract by the vendor by refusing to make conveyance, the general rule is that a prerequisite to a recovery therefor is a tender of the purchase money. Such tender is waived, however, by the vendor's proclaiming, by conduct or declaration, that, if a tender should be made, acceptance would be refused. *Emery v. Atlanta Real Estate Exchange,* 88 Ga. 321, 327 [14 SE 556]; *Smith v. Tatum,* 140 Ga. 719 (2) (79 SE 775); *Fraser v. Jarrett,* 153 Ga. 441, 451 (3) (112 SE 487)." *Pritchett v. Dodd,* 112 Ga. App. 453, 454 (145 SE2d 610). The plaintiffs had until October 1, 1962, to exercise their option to purchase the defendant's property for a total consideration of $1,677 under the written contract executed by the parties; yet, according to the allegations of the petition, the defendant notified the plaintiffs on August 31, 1962, that the sale price would be $2,174 rather than the consideration set forth in the contract. Clearly, under the decision of the Supreme Court in *Nickelson v. Owenby,* 208 Ga. 352 (2) (66 SE2d 828), the allegation that the defendant informed the plaintiffs that he was ready to complete the sale but for the consideration of $2,174 rather than the price set forth in the option contract, was the equivalent of a statement that the tender of the contract price would be refused if made, and such allegation was sufficient to show a waiver of necessity for tender.

486

Count 1 set forth a cause of action to recover damages for breach of contract and count 2 set forth a cause of action to recover damages for money had and received and the trial court erred in sustaining the general demurrer to the petition. *Pritchett v. Dodd,* 112 Ga. App. 453, supra; *Woodruff v. Camp,* 101 Ga. App. 124 (1) (112 SE2d 831).

2. The trial court also erred in sustaining the special demurrers to the petition. The allegations of the petition which disclosed that the defendant not only breached the terms of the written option contract by demanding more money for the subject property, but that he also refused to return the $150 paid to him as consideration for the option contract, were in our opinion sufficient to authorize the conclusion that the defendant was guilty of bad faith and presented a question for the jury on the issue of the recovery of attorneys' fees. *Code* § 20-1404; *Chambers & Co. v. Harper,* 83 Ga. 382 (2) (9 SE 717); *Williams v. Harris,* 207 Ga. 576 (3) (63 SE2d 386); *Bowman v. Poole,* 212 Ga. 261 (3) (91 SE2d 770); *Whitaker v. Creedon,* 97 Ga. App. 320, 329 (103 SE2d 175).

*Judgment reversed. Bell, P. J., and Eberhardt, J., concur.*