## 51898. FRANKLIN v. JORDAN et al.

PANNELL, Presiding Judge.
Where, "for and in consideration of the sum of seven thousand . . . dollars in hand paid" appellee Jordan granted to Charles S. Akerman an option to purchase certain described real estate, the right to exercise which terminated December 24, 1967 at 5:00 p.m., and the option provided that it could be exercised by giving written "notice setting forth the time and place of closing the purchase" and which exercise, according to the terms of the option, made operative the terms and provisions of the contract of sale and purchase attached to and made a part of the option (see *Snead v. Wood,* 24 Ga. App. 210 (1a) (100 SE 714); *Pritchett v. Dodd,* 112 Ga. App. 453 (1) (145 SE2d 610); *Chatham Amusement Co. v. Perry,* 216 Ga. 445, 446 (2) (117 SE2d 320)) and the optionee transfers his right to a third party, DeJongh Franklin, who at the time of closing tendered the required cash "less the $7,000 paid for the option" as provided in the contract, and a note and security deed for the balance of the purchase price, signed by Franklin, rather than Akerman, as expressly provided in the contract even in the event of a transfer, such tender of the note was not in accordance with the contract (see *Franklin v. Jordan,* 224 Ga. 727 (164 SE2d 718)) and a refusal on the part of the optionor seller to accept such tender was not a breach of the contract or a refusal to

perform thereunder so as to authorize a rescission of the contract by the transferee Franklin and the recovery of the $7,000 paid as consideration of the option, which was sought in the present action. The $7,000 was consideration for the option and became no part of the purchase price until a proper tender of performance by the purchaser Franklin.

Nothing ruled, under the facts therein, in the following cases requires a different ruling: *Yun-Kung Shen v. Bruce,* 113 Ga. App. 483, 486 (148 SE2d 496); *Dell v. Kugel,* 99 Ga. App. 551 (109 SE2d 532); *Gray & Co. v. McDaniel,* 73 Ga. 118; *McMillan v. Benefield,* 159 Ga. 457 (4) (126 SE 245); *Blitch v. Edwards,* 96 Ga. 606 (24 SE 147).

The trial judge did not err, therefore, in granting the motion for "summary judgment" (or motion for judgment on the pleadings) in favor of the defendant, Jordan.

*Judgment affirmed. Evans and Marshall, JJ., concur.*

Argued March 1, 1976 — Decided March 15, 1976.

*Smith, Cohen, Ringel, Kohler & Martin, Ralph H. Hicks, T. Michael Hurley, Jr., William D. Barwick,* for appellant.

*G. Robert Howard,* for appellees.