## 58241. WOODSON v. BURTON et al.

BANKE, Judge.

The appellees sued the appellant for an accounting for rents collected by the appellant from jointly owned property. A jury found for the appellees, judgment was entered accordingly, and the Supreme Court affirmed in *Woodson v. Burton,* 241 Ga. 130 (243 SE2d 885) (1978). The City of Macon subsequently condemned the property in question, and the proceeds were impounded pursuant to court order to make good the appellees' judgment. The appellees moved the court to disburse the funds to them to the extent necessary to satisfy the judgment; and, following a hearing, the court so ordered, making allowances for certain expenses by the appellant. The appellant now appeals this order. *Held:*

1. The alleged errors enumerated by the appellant concern matters which took place at the original trial, which, as indicated above, has already been the subject of an unsuccessful appeal to the Supreme Court. No error whatsoever has been shown in the trial court's most recent order requiring the disbursement of the funds held by the receiver. Furthermore, neither the appellant's brief nor her enumerations of error contain any page references to the record or transcript as required by Rule 18 (c) (3) of this court. Code Ann. § 24-3618 (c) (3). (New Rule 15 (c) (3), Code Ann. § 24-3615 (c) (3)).

2. The appellees' motion for assessment of damages for filing a frivolous appeal is denied, since it is clear from the appellant's pro se brief that, even though she has raised no cognizable legal issue, she has prosecuted this appeal in a good-faith belief that reversible error was committed, rather than merely for the purpose of delay. In making this determination, we have given consideration to the fact that the appellant is representing herself and have thus held her to a lesser standard than we would have had her brief been submitted by an officer of this court.

*Judgment affirmed. McMurray, P. J., and Underwood, J., concur.*

ARGUED JULY 12, 1979 — DECIDED SEPTEMBER 4, 1979 —

REHEARING DENIED SEPTEMBER 19, 1979.

Frances D. Woodson, *pro se.*
*David L. Mincey,* for appellees.