65792. PRITCHETT v. WELLINGTON PLAZA, INC. et al.

BIRDSONG, Judge.

Appellant sued Cross Country Plaza and others, alleging a tortious conversion of certain office and video equipment. The appellant was a sub-tenant of the appellee; when the tenant defaulted, the appellee reentered possession and exercised a security interest it had in the property on the premises. Appellant and other employees and tenants were, however, permitted to remove their possessions. Appellant did remove certain items of his property, but claimed that he was denied the right to recover certain other items. Thereafter, the premises were burglarized and appellant claimed that certain items belonging to him were taken. He sued for damages, attorney fees, and punitive damages. From a verdict for the appellee Wellington Plaza, Pritchett appeals only on grounds that the trial court erred in not granting him a new trial. *Held:*

Pritchett contends only that he showed a prima facie case of

conversion and that the defense in no way contradicted or disputed his evidence; hence the verdict should have been for Pritchett, and he was entitled to a new trial. But the evidence was in some dispute as to whether Pritchett was allowed to remove all his property from the premises and merely failed to do so; whether in fact he did remove all his property, and whether any of his property was actually stolen or lost to him. On appeal, every presumption lies in favor of the jury's verdict. *Ga.-Car. Brick &c. Co. v. Brown,* 153 Ga. App. 747, 749 (266 SE2d 531). There is evidence to support the verdict. *Frost v. Williamson,* 239 Ga. 266, 268 (236 SE2d 615). Appellant was not entitled to a new trial merely on the basis that he believed there was no supporting evidence.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 28, 1983.

*Jerry D. Sanders,* for appellant.
*John P. Partin,* for appellees.