## 70829. FORMICA CORPORATION v. ROUSE.
(336 SE2d 383)

SOGNIER, Judge.

Formica Corporation (Formica) brought this action on account against William Rouse d/b/a Custombilt Products Company (Rouse). Rouse answered and counterclaimed seeking damages for breach of contract. The jury returned a verdict in favor of Formica on its claim and in favor of Rouse on his counterclaim. Formica appeals from the trial court's denial of its motion for new trial.

1. Appellant contends the trial court erred by denying its motion for new trial on the general grounds. Appellee purchased sheets of plastic laminate from appellant for use in appellee's business. There was some evidence to support appellee's allegations that appellant was aware of defects in the products shipped to appellee and that appellant concealed those defects, and intentionally withheld or delayed payment of appellee's claims against appellant. Also, contrary to appellant's argument that there was no evidence that appellee attempted to mitigate his damages, appellee testified that after unsuccessfully attempting to obtain the proper materials under his contract with appellant, he purchased the materials he needed from another supplier. "On appeal, every presumption lies in favor of the jury's verdict. [Cit.] There is some evidence to support the verdict. [Cit.] Appellant was not entitled to a new trial merely on the basis that he believed there was no supporting evidence." *Pritchett v. Wellington Plaza,* 166 Ga. App. 430, 431 (304 SE2d 743) (1983).

2. Appellant contends the trial court erred by failing to give two requests to charge regarding fraud in the procurement of a contract. The charges were not adjusted to the evidence and, therefore, we find no merit in this enumeration. *Hudson v. Miller,* 142 Ga. App. 331, 332 (4) (235 SE2d 773) (1977). See also *Barlow v. Veber,* 169 Ga. App. 65, 67 (2) (311 SE2d 501) (1983).

3. Appellant finally contends the trial court erred by denying his motion for new trial because the jury's verdict in appellee's favor for attorney fees is contrary to law. Appellee sought attorney fees on his counterclaim pursuant to OCGA § 13-6-11 which allows for the recovery of the expenses of litigation "where the defendant has acted in

bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." " ' "(T)he elements of bad faith which will authorize expenses of litigation in an *ex contractu* action are those acts relative to the conduct of entering into a contract *or to the transaction and dealings out of which the cause of action arose* . . . but do not have reference to the motive with which the defendant defends an action after a cause of action occurred." [Cit.]' (Emphasis supplied.) [Cit.]" *Glenn v. Fourteen West Realty,* 169 Ga. App. 549, 551 (2) (313 SE2d 730) (1984). Appellant's arguments that the award in favor of appellee for attorney fees are unauthorized because the amount of appellee's judgment on his counterclaim was substantially less than the amount he originally sought and because a bona fide controversy existed between the parties is without merit where, as here, attorney fees are sought on the ground that a party has acted in bad faith. *Ballenger Corp. v. Dresco &c. Contractors,* 156 Ga. App. 425, 432-33 (2, 3) (274 SE2d 786) (1980). Since there was some evidence to support a finding that appellant acted in bad faith in shipping defective or unsuitable products to appellee, the award of attorney fees must be affirmed. *Harrell v. Gomez,* 174 Ga. App. 8, 11 (6) (329 SE2d 302) (1985).

*Judgment affirmed. Carley, J., concurs. Birdsong, P. J., concurs in the judgment only.*

DECIDED OCTOBER 24, 1985.

*Dennis J. Strickland, Sr.,* for appellant.
*Leon A. Wilson II,* for appellee.