## 72527. CONCEPTS, INC. v. INNOVATIVE PROPERTY MANAGEMENT, INC.
### (350 SE2d 805)

BENHAM, Judge.

Appellant, Concepts, Inc., entered into a contract to sell a certain parcel of commercial real estate to appellee, Innovative Property Management, Inc. The closing scheduled for October 8, 1984, never took place and the property was subsequently sold by appellant to another party. On October 10, 1984, appellee filed suit against appellant, seeking specific performance or damages for breach of contract. Appellant counterclaimed, alleging appellee had breached the contract. In an amended complaint filed in June 1985, appellee sought only damages for breach of contract, fraud, and the expenses of litigation. A jury trial resulted in a verdict and judgment in favor of appellee for $15,000 damages and $6,500 attorney fees. In its appeal, appellant takes issue with the trial court's exclusion of a requested jury charge and the denial of its motion for directed verdict.

1. Appellant maintains that its motion for directed verdict should have been granted because appellee failed to plead or prove a tender of the purchase price or the ability to pay the purchase price.

A verdict shall be directed "[i]f there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict . . ." OCGA § 9-11-50 (a). It is true that where a vendee sues to recover damages for an alleged breach of contract by the vendor who has refused to make conveyance, the general rule is that a prerequisite to a recovery therefor is the tender of the purchase money. However, such tender is waived by the vendor's proclamation, by conduct or declaration, that if a tender should be made, acceptance would be refused. *Pritchett v. Dodd*, 112 Ga. App. 453 (3) (145 SE2d 610) (1965). At trial, appellee's president testified that appellant's president presented her with closing documents which did not conform to the sales contract and to which she objected. When she expressed her desire and intent to close the sale with documents reflecting the parties' contractual agreement, appellant's president told her to "take it as is." There was also testimony that appellant's agents barred appellee's agents from the premises despite a contractual agreement permitting pre-closing access to the building as well as appellant's earlier conduct allowing access. This testimony was evidence from which the jury could have concluded that the conduct and statements of appellant's president amounted to a rejection of the tender of the contract price. See *Shen v. Bruce*, 113 Ga. App. 483 (1) (148 SE2d 496) (1966). Inasmuch as the evidence and the inferences drawn therefrom did not demand a verdict for appellant, the denial of the motion for directed verdict was not error.

2. Appellant next complains that the trial court improperly refused to give a charge it had timely submitted. Appellant wished the jury to be instructed that "mere refusal to carry out [a] contract for sale of realty will not dispense with proper tender of purchase price as a prerequisite to institution by [the] purchaser of [an] action for specific performance." Inasmuch as the case presented to the jury was one for breach of contract and fraud and not one seeking specific performance, the trial court did not err in refusing to give the requested charge.

3. Appellee's motion for the imposition of a ten percent penalty under OCGA § 5-6-6 for bringing a frivolous appeal is not granted.

*Judgment affirmed. McMurray, P. J., Birdsong, P. J., Carley, Sognier, and Pope, JJ., concur. Banke, C. J., Deen, P. J., and Beasley, J., concur in part and dissent in part.*

DEEN, Presiding Judge, concurring in part and dissenting in part.

While concurring fully with Divisions 1 and 2, I must respectfully dissent as to Division 3. Only a naked statement is given in the latter division for denial of the motion for ten percent penalty under OCGA § 5-6-6. The parties and bench and bar are not provided any hint as to why the penalty was not imposed.

Damages and attorney fees were awarded below. The appeal is without merit, and there was no valid reason to anticipate reversal. *Brown v. Rooks*, 139 Ga. App. 770 (229 SE2d 548) (1976). *Burger v. Burton*, 168 Ga. App. 378 (308 SE2d 868) (1983).

I am authorized to state that Chief Judge Banke and Judge Beasley join in this opinion.

DECIDED NOVEMBER 3, 1986 —
REHEARING DENIED NOVEMBER 20, 1986.

*James E. Howard*, for appellant.
*Fred J. Stokes*, for appellee.