73925. SANDERS et al. v. HUGHES et al.
(359 SE2d 396)

SOGNIER, Judge.

Jeff and Sheila Hughes brought suit against Thomas Sanders, various members of Sanders' family, and Barry Lewis for wrongful dispossession, trespass, conversion and theft. The jury found in favor of Lewis but returned a verdict in favor of the Hugheses for actual and exemplary damages and attorney fees against the remaining defendants. This appeal ensued.

Appellees responded to a newspaper advertisement placed by appellant Thomas Sanders (hereinafter Sanders) regarding a 1983 mobile home. The parties signed a document whereby appellees paid Sanders $1,000 as down payment for the mobile home and agreed they would continue to make monthly payments until the total amount of the mortgage on the mobile home was paid to the finance company. When appellees fell behind in their payments to the finance company, Sanders signed an affidavit for summons of dispossessory which alleged appellees had failed to pay rent and demanded $624 in past due rent. A writ of possession was subsequently issued. All the appellants participated at different times on the date in issue in en-

tering appellees' mobile home, removing appellees' belongings from the home, and setting those belongings out in the street. The belongings thus dispersed were taken by numerous parties; appellees were able to regain possession of only a small percentage of their belongings.

1. Appellants claim the trial court erred by granting appellees' motion for a directed verdict with regard to the issue of whether the document entered into by the parties was a lease agreement or a sales contract. In their brief, however, appellants concede that the agreement between the parties was a sales contract and that no landlord-tenant relationship existed between Sanders and appellees at the time of the dispossessory. See generally *Leggitt v. Allen*, 208 Ga. 298-299 (66 SE2d 709) (1951). Appellants' argument that the contract was for the sale of personalty rather than realty asserts an error not contained in the enumerations of error, nor does it appear that the issue was raised before the trial court. Accordingly, nothing is presented for consideration as to this issue. *Brock Constr. Co. v. Houston &c. Ins. Co.*, 144 Ga. App. 860, 864 (4) (243 SE2d 83) (1978).

Since the parties are in agreement that the document between the parties was a sales contract, not a lease, the trial court did not err by granting appellees' motion for a directed verdict as to this issue. See generally *Atlanta Coca-Cola Bottling Co. v. Jones*, 236 Ga. 448, 450 (224 SE2d 25) (1976). Furthermore, since the absence of a landlord-tenant relationship between the parties is uncontroverted, no question of fact exists that Sanders' use of the dispossessory statute, OCGA § 44-7-50 et seq., was wrongful since the relationship of landlord and tenant must exist before dispossessory proceedings under the statute can be held. *Crain v. Daniel*, 79 Ga. App. 647, 651-653 (3) (54 SE2d 487) (1949); see *Stevens v. Way*, 167 Ga. App. 688, 690 (5) (307 SE2d 507) (1983). Accordingly, the trial court did not err by granting appellees' motion for a directed verdict on this issue. See generally *W. B. Anderson &c. Co. v. Ga. Gas Distrib.*, 164 Ga. App. 96 (296 SE2d 395) (1982). It follows that appellants' enumeration contending error in the trial court's failure to charge the dispossessory statutes to the jury is without merit. See generally *Formica Corp. v. Rouse*, 176 Ga. App. 548 (2) (336 SE2d 383) (1985).

2. Appellants allege the trial court erred by charging the jury on the issue of attorney fees. The first sentence of the charge, as contained in the trial transcript, states "[t]he expenses of litigation should not be allowed as a part of damages, but are generally allowed as a part of damages." In the remainder of the charge, the trial court instructed the jury that expenses of litigation may be allowed under the three conditions enumerated by the trial court (encompassing the provision of OCGA § 13-6-11), that it was necessary to show one of the three conditions existed in order to recover attorney fees but that

any one of the three may authorize such damages.

We can fully understand appellees' assertion that the garbled nature of the first sentence of the charge is due to typographical and other errors in the trial transcript rather than to any statement by the trial judge. However, even assuming the transcript accurately reflects the trial court's charge, we find the first sentence to constitute a harmless slip of the tongue that, in view of the charge as a whole, could not have led to any misunderstanding or confusion on the part of the jury. See *Grasham v. Southern R. Co.*, 111 Ga. App. 158, 161-2 (7) (141 SE2d 189) (1965). As to appellants' assertion that there was no evidence to support the charge, the evidence adduced at trial showed that Sanders obtained a writ of possession by swearing that appellees had failed to pay monies due him which instead were shown to be due to third parties (namely, the finance company and the lot manager of the mobile home park). The evidence further showed that Sanders, together with the other appellants, first emptied appellees' mobile home of its belongings and then drove off taking some of appellees' belongings with them, and leaving the rest to be taken by unknown third parties. We find this evidence sufficient to support the trial court's charge to the jury on the issue of attorney fees under OCGA § 13-6-11, particularly the bad faith section of that statute. See generally *Liles v. Still*, 176 Ga. App. 65, 66 (335 SE2d 168) (1985).

Appellants assert in the remaining argument included under this enumeration and in enumerations 3 and 4 that the trial court erred by charging the jury on damages pursuant to OCGA § 51-12-5 and OCGA § 51-12-6. Although we note the trial court did not give the charge on OCGA § 51-12-6 as alleged, it is not necessary to address the merits of these enumerations since the record reveals no objection was made by appellants to that portion of the charge concerning such damages. Failure to object to the trial court's instruction to the jury before the jury returns its verdict constitutes a waiver of the right to raise the issue on appeal, OCGA § 5-5-24 (a), *Nelson v. Miller*, 169 Ga. App. 403, 404 (312 SE2d 867) (1984), and we find no substantial error which would require our review under the exception set forth in OCGA § 5-5-24 (c). Id.

3. Appellants enumerate as error the trial court's denial of their motion for a directed verdict made on the basis that appellees had failed to sufficiently prove the specific damages they had suffered and that appellees were entitled only to nominal damages. OCGA § 51-12-4. A grant of directed verdict is proper only if there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. OCGA § 9-11-50 (a). Thus, the standard of appellate review of a trial court's denial of a motion for directed verdict has always

been that of the "any evidence" test. See *Alexie, Inc. v. Old South Bottle Shop Corp.*, 179 Ga. App. 190, 192 (2) (345 SE2d 875) (1986). Appellees tendered into evidence a list of belongings taken from their mobile home and a price estimate on those items. Appellees testified that they were recently married, that the majority of their belongings were newly acquired as wedding or bridal shower gifts, some still in their original packages, and that the items had been priced by appellees either by contacting the gift donors or by checking the Sears catalogue. Appellees also testified about the condition and estimated value of their few older belongings.

Inasmuch as this evidence and inferences drawn therefrom did not demand a verdict for appellants, the denial of the motion for directed verdict was not error. See generally *Concepts, Inc. v. Innovative Property Mgt.*, 180 Ga. App. 903 (1) (350 SE2d 805) (1986).

4. Appellants also present argument concerning the alleged disparity between the amount of damages proven and the verdict returned by the jury. This argument, however, was not enumerated as error. "This court has no jurisdiction to consider grounds which though argued are not enumerated as error according to OCGA § 5-6-40. [Cits.]" *Sunn v. Trophy Marine*, 176 Ga. App. 68, 69 (2) (334 SE2d 884) (1985). We therefore cannot entertain this argument.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JUNE 22, 1987 —
REHEARING DENIED JULY 9, 1987 —

*James C. Strayhorn*, for appellants.
*Elliott R. Baker*, for appellees.