## 76734. ATLANTA GAS LIGHT COMPANY v. REDDING.
(375 SE2d 142)

BEASLEY, Judge.

A jury awarded $75,000 to Redding in her suit for damages resulting from an automobile collision between her Blazer and a truck owned by Atlanta Gas Light Company and driven by one of its employees. The company enumerates six errors in its appeal from the judgment.

1. The first two enumerations assert the trial court erred in permitting Redding to testify 1) as to the gross sales and 2) as to the gross profits of a business incorporated in 1984, because only the plaintiff's personal loss of income was in issue. The company made continuing objections to Redding's testimony in this regard, but it voiced no objections when 1983 income tax returns on her sole proprietorship and 1984 and 1985 tax returns on her wholly-owned corporation were introduced. These documents contained the same information to which objection was interposed. Error, if any, in admitting the testimony was rendered harmless by the admission, without objection, of evidence of the same nature. *Wilson v. Bonner,* 166 Ga. App. 9, 17 (5) (303 SE2d 134) (1983).

The company urges at great length in its brief that the evidence was inadmissible because there was insufficient evidence of lost profits to sustain a jury finding for those damages. However, this is not encompassed within the framework of the enumerations of error and in addition was not raised as a ground for rejecting the evidence. *Hurston v. Ga. Farm Bureau Mut. Ins. Co.,* 148 Ga. App. 324, 326 (2) (250 SE2d 886) (1978); *Cox v. City of Lawrenceville,* 168 Ga. App. 119, 120 (1) (308 SE2d 224) (1983).

2. The third enumeration is that the court erred by charging the jury that it could award Redding damages for her loss of future earnings, in the absence of any competent evidence. In its initial brief the company argued this ground only with regard to the first two enumer-

ations of error and did not support its claim of error by specific reference to the record or transcript. In its supplemental brief, although the third ground is argued in more detail, still no accurate citation to the transcript is found. Due to this failure to comply with Rule 15 (c) (3) (i), the enumeration of error will not be considered. *International Brotherhood v. Briscoe*, 143 Ga. App. 417, 426 (4) (239 SE2d 38) (1977); *Woodson v. Burton*, 151 Ga. App. 401 (1) (259 SE2d 657) (1979).

3. The trial court instructed the jury that the correct measure for damages to the Blazer was the difference between its fair market value just before and just after the damage. Although conceding that the charge stated a correct proposition of law, the company argues that it was unsupported by any evidence.

The trial court also instructed the jury that the loss might be established by showing the reasonable costs of repairs. However, the company contends the evidence showed that it had paid Redding for the costs of repairs, but there was no evidence that such costs did not exceed the value of the vehicle before the damage. Redding has failed to point out, see Rule 15 (c) (3) (iv), and we have been unable to find, where any evidence was introduced regarding the value of the vehicle before the collision or afterwards.

An instruction is erroneous which, although correct as an abstract principle of law, is not supported by evidence. *Willard v. Willard*, 221 Ga. 2 (2) (142 SE2d 849) (1965). Thus, the instruction on damages which was not authorized by the evidence was reversible error. *Bussey v. Thomas*, 123 Ga. App. 653, 654 (2) (182 SE2d 124) (1971); *Owens v. White*, 103 Ga. App. 459 (1) (119 SE2d 581) (1961).

4. The fifth enumeration is that it was error for the court to refuse the company's request for a special verdict so as to apportion the verdict between general damages, with separate items for property damage, loss of earnings and income, and medical expenses.

"The submission of a special verdict [OCGA § 9-11-49] is within the discretion of the trial court; absent an abuse of that discretion, the court's choice will not be overturned." *News Pub. Co. v. DeBerry*, 171 Ga. App. 787, 790 (3) (321 SE2d 112) (1984). The order which followed the pretrial conference provided for a general verdict form. Such order controlled unless modified to prevent manifest injustice. OCGA § 9-11-16 (b). Although the company requested special verdicts after the evidence was closed, it had never sought amendment of the pretrial order and thus was bound by it. *Gilbert v. Meason*, 145 Ga. App. 662 (1) (244 SE2d 601) (1978); *Hawkins v. Richardson-Merrell*, 147 Ga. App. 481, 484 (2) (249 SE2d 286) (1978).

5. The last enumeration is that the verdict was excessive.

The new provision concerning the trial court's authority as to excessive damages, see Ga. L. 1987, pp. 915, 920, amending OCGA § 51-

12-12, was not effective until after the trial. The law prior to its passage, which only permitted interference with a jury's verdict where the damages were either so small or so excessive as to justify the inference of gross mistake or undue bias, controls.

A recent Supreme Court decision found a verdict resulted from gross error in a comparative negligence situation where plaintiff's own negligence was considered as being at least 49 percent of the causation of her injury. *McKinney & Co. v. Lawson*, 257 Ga. 222, 224 (4) (357 SE2d 786) (1987). That decision is not controlling here: 1) there is no basis to ascertain that Redding's negligence, if any, amounted to any given percent of the injury cause; 2) *Lawson* had 3 dissents and one concurrence in the judgment only.

We thus apply the principles which for years guided our appellate courts in ruling on questions of verdict excessiveness. To be excessive the damages awarded must "shock the moral sense to such an extent to lead to the belief that the jury were actuated by undue or improper motives or influences." *Central R. v. DeBray*, 71 Ga. 406, 422 (9) (1883). The verdict must be "manifestly the result of prejudice or bias, or other corrupt motive." *Saul Klenberg Co. v. Mrozinski*, 78 Ga. App. 59 (3) (50 SE2d 247) (1948). There is no basis for reversal on this ground. *Davis v. Glaze*, 182 Ga. App. 18, 23 (13) (354 SE 845) (1987); *Jones v. Spindel*, 128 Ga. App. 88, 92 (2) (196 SE2d 22) (1973).

Because of the charge error found in Division 3 of this opinion, the judgment must be reversed.

*Judgment reversed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED NOVEMBER 7, 1988.

*Rogers, Magruder, Hoyt, Sumner & Brinson, J. Clinton Sumner, Jr.*, for appellant.
*Gammon & Anderson, Joseph N. Anderson*, for appellee.