## A90A0232. FREY et al. v. SINKOLA, INC.
(395 SE2d 324)

CARLEY, Chief Judge.

In 1979, appellee-defendant Sinkola, Inc., constructed a house with an attached wooden deck. Some seven years later, the owners of the house hired appellant-plaintiff Morris Frey to install gutters. While engaged in doing so, Frey had occasion to lean a ladder against the side of the wooden deck. As he scaled the ladder, the deck pulled away from its attachment to the house. The deck, the ladder and Frey fell to the ground. As the result of this incident, Frey and his wife brought the instant tort action against appellee. The case was tried before a jury and a verdict in appellee's favor was returned. Appellants appeal from the judgment entered by the trial court on the jury's verdict.

1. The trial court gave instructions on the avoidance doctrine and comparative negligence. Appellants enumerate the giving of these instructions as error.

Frey was himself a contractor and had built a number of decks. He testified to the proper way for attaching a deck and the need to exercise care in ladder placement while installing gutters. With his experience and knowledge, he was aware that a deck requires maintenance and can be expected to separate from its attachment to a house over a period of time. He admitted that he had never inspected the attachment of this particular deck before he leaned his ladder against it. Contrary to appellants' assertions, this was sufficient evidence to create a jury question as to the avoidance doctrine and comparative negligence and the trial court did not err in instructing the jury as to those issues. See generally *BLI Constr. Co. v. Debari*, 135 Ga. App. 299, 301 (1) (217 SE2d 426) (1975).

2. On cross-examination of Frey, the trial court overruled a relevancy objection to a question that was propounded to him. This evidentiary ruling is enumerated as error.

We find no abuse of discretion in the trial court's failure to sustain appellants' relevancy objection. See generally *Howington v. Puckett*, 130 Ga. App. 584, 585 (2) (203 SE2d 916) (1974). Moreover, since Frey testified that he did not know the answer to the question and a similar question was subsequently asked of and answered by another witness without objection, it is clear that error, if any, would be harmless. See *Atlanta Gas Light Co. v. Redding*, 189 Ga. App. 190 (1) (375 SE2d 142) (1988).

3. Appellants requested certain charges regarding the exceptions to the general rule of a contractor's non-liability when his negligently performed work has been accepted. See *Derryberry v. Robinson*, 154 Ga. App. 694, 695 (2) (269 SE2d 525) (1980). The trial court's refusal to give these charges is enumerated as error.

If the deck had fallen shortly after construction by appellee and acceptance by the homeowners, perhaps the legal principles contained in the refused requested charges might have been applicable. However, the evidence of record shows that the deck had stood for seven years and was used during that period without incident. Accordingly, there was no evidence to authorize a finding that the deck, as constructed by appellee and accepted by the homeowners, was a nuisance *per se, inherently or intrinsically* dangerous, or so negligently defective as to be *imminently* dangerous to third persons. If any jury question was presented under the evidence, that question was whether or not it was negligent to construct a deck which could withstand normal use for only seven years without becoming detached. The trial court did not err in refusing to give the requested charges.

4. Appellants enumerate as error the failure to give another of their requested charges relating to the standard of care. The principles contained in the refused request were adequately covered in the charge as given by the trial court and we find no error. See generally *Reece v. Selmonosky,* 179 Ga. App. 718, 719 (3b) (347 SE2d 649) (1986).

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JUNE 7, 1990 —
REHEARING DENIED JUNE 25, 1990 — CERT. APPLIED FOR.

*Anthony Kirkland,* for appellants.
*Parkerson & Shelfer, William P. Tinkler, Jr.,* for appellee.