A96A0790. SIMMONS v. FANELLO.
(477 SE2d 334)

Judge Harold R. Banke.

Louis Fanello filed a petition for writ of immediate possession seeking restaurant equipment held by Pat Simmons, who failed to make payments on two notes secured by the property. Simmons counterclaimed, alleging, inter alia, breach of warranty of title and fraudulent representation that the equipment was not subject to outstanding federal, state, and local tax liens. The trial court granted Fanello's motion for summary judgment on the counterclaims and Simmons appeals.

To prevail on summary judgment, the moving party must show that no genuine issues of material fact remain to be tried and that

the undisputed facts, viewed in the light most favorable to the non-movant, warrant summary judgment as a matter of law. *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991). Viewed in that light, the record shows that Fanello owned a Dairy Queen restaurant, leased the premises to V.L.L. Corporation ("VLL") in 1987, and sold VLL the restaurant's furniture, equipment, and inventory. Fanello accepted a note from VLL and retained a security interest in the furniture, equipment, and inventory. VLL floundered, incurring over $80,000 in tax liabilities which were recorded as liens.[1] After VLL defaulted on the note, Fanello apparently did not foreclose but reclaimed the equipment and obtained a new franchise on the property from Dairy Queen.

Fanello then leased the property and sold the restaurant's furniture, equipment, and inventory to Simmons. Fanello claimed he replaced all such personalty he had taken back from VLL. Fanello accepted two notes from Simmons and reserved a security interest in the personalty. In the bill of sale, Fanello warranted that the property sold was "free and clear of any and all liens, security agreements, encumbrances, claims, demands, taxes and charges of every kind and character whatsoever." In conjunction with this transaction, Simmons signed an acknowledgment that although VLL had failed to pay personal property taxes, upon the closing of the restaurant, all the equipment and personal property had been removed. The parties dispute whether the personalty Simmons bought was new or the same that VLL purchased and Fanello reclaimed.

Simmons suffered financial difficulties and sought a buyer whose attorney discovered the recorded tax liens against VLL. After the sale collapsed and Simmons defaulted on the notes, Fanello instituted this action. On the same day Fanello filed the writ, Simmons obtained a bond from the General Accident Insurance Company indemnifying him in the amount of $55,000 for damages if the writ of immediate possession was issued wrongfully. Simmons then filed the counterclaims at issue here. Fanello subsequently sold the equipment to the buyer Simmons found. *Held*:

1. To avoid summary judgment on the breach of warranty of title claim, Simmons had to show the alleged defect caused the damage claimed. *Multivision Northwest v. Jerrold Elecs. Corp.,* 356 FSupp. 207, 215 (N.D. Ga. 1972); see *Williams v. Dienes Apparatus,* 200 Ga. App. 205, 207-208 (2) (407 SE2d 408) (1991). The only damage Simmons claimed for breach of warranty was his inability to sell to his

---

[1] The following entities filed tax liens on the personalty: the Georgia Department of Labor recorded six, the United States recorded three, and the Georgia Department of Revenue recorded two. City, state, and county ad valorem taxes for 1992 and previous years were also recorded.

buyer. It is undisputed that Simmons made no payments on the notes after October 1993 and was in default when he attempted to sell the personalty in April 1994. Both the note and the security agreement had acceleration clauses which provided that upon default Fanello could opt for payment of the entire obligation. In addition, the restaurant lease provided that Simmons could not sublet or assign without Fanello's prior written consent. Further, Fanello had a statutory right on default to take possession of the personalty. OCGA § 11-9-503. Because these circumstances demonstrate that Simmons could not have completed the transaction without Fanello's cooperation, it follows that the alleged breach of warranty of title, even if proven, caused him no damage. Proof of damage is also precluded by the fact that the note specifically required Fanello to indemnify Simmons for any damages resulting from breach of any warranties. In the absence of some proof of this essential element of Simmons' claim, summary judgment was required. *Multivision Northwest*, 356 FSupp. at 215; *Precise v. City of Rossville*, 261 Ga. 210, 211 (3) (403 SE2d 47) (1991) (a judgment right for any reason must be affirmed). Simmons' failure to show harm also dooms his appeal. *Stringer v. Harkleroad & Hermance*, 218 Ga. App. 701, 704 (1) (463 SE2d 152) (1995).

2. Fanello was entitled to summary judgment on Simmons' fraud claim. To avoid summary judgment, Simmons had to present some evidence of: (1) false representation by Fanello; (2) scienter; (3) intent to induce Simmons to act or refrain from acting; (4) justifiable reliance by Simmons; and (5) damages. *Hanlon v. Thornton*, 218 Ga. App. 500, 501 (1) (462 SE2d 154) (1995). This cause of action will not lie when the party making the allegations had an equal and ample opportunity to prevent the fraud by exercising due diligence. *Hartsfield v. Union City Chrysler-Plymouth*, 218 Ga. App. 873, 876 (2) (463 SE2d 713) (1995). It is undisputed that Simmons signed the acknowledgment that the personalty was new without examining it. Such "blind reliance" on Fanello's representation regarding a matter which could have been easily verified demonstrates a lack of due diligence fatal to the fraud claim. Id.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED OCTOBER 2, 1996 —
RECONSIDERATION DENIED OCTOBER 16, 1996 —

*Fortson, Bentley & Griffin, Roy E. Manoll III, Walter W. Hays, Jr., William S. Cowsert, Lawrence S. McLarty*, for appellant.

*Timmons, Haggard & Carney, John W. Timmons, Jr., W. Glover Housman, Jr.*, for appellee.