A97A0203. EFSTATHIOU v. REISS et al.
A97A0204. EFSTATHIOU v. REISS et al.
(490 SE2d 426)

JOHNSON, Judge.

Rudiger Reiss, Dimitra Reiss, and Reiss Enterprises, Inc. sued Dimitra Reiss' brother, Leo Efstathiou, and his wife, Ekaterini Efstathiou, for breach of contract, fraud and conversion. The suit alleged that the Efstathious, who live in the United States, contacted the Reisses, who live in Germany, asking them to send money so they could make certain investments on the Reisses' behalf. The Reisses complied, and Mr. Efstathiou established Reiss Enterprises, Inc. and two bank accounts for handling the Reisses' funds and transactions. The Reisses sent a total of $391,000. Unbeknownst to the Reisses, the Efstathious used the funds to purchase real property other than that agreed upon, contributed less of their own money to the investments than they represented they would, did not manage the property or pay property taxes as promised, did not disburse payments received from the investments as promised, and ultimately filed Chapter 11 bankruptcy on behalf of Reiss Enterprises.

The case was tried to a jury, which returned a verdict in favor of all three plaintiffs, although it awarded damages only to Reiss Enterprises. The verdict form indicated that Leo Efstathiou was liable to Reiss Enterprises in the following amounts: $71,000 on the fraud claim, $71,000 on the breach of contract claim, $71,000 on the conversion claim, and $20,000 in attorney fees. The form also indicated that Ekaterini Efstathiou was liable to Reiss Enterprises in the same amounts. The award also provided that the "Plaintiffs" (unspecified) were entitled to recover $95,000 in punitive damages. When questioned by the court as to the jury's intent in returning the verdict in these particular amounts, the jurors stated that they intended to hold the Efstathious responsible for a total of $426,000 for fraud, contract and conversion damages, but divided the total into six parts in order to fill in the spaces on the verdict form. The trial court entered judgment on the verdict against the Efstathious, jointly and severally, for $426,000 on the conversion, fraud or contract claims, alternatively; $40,000 in attorney fees; and $95,000 in punitive damages. Mr. Efstathiou and Mrs. Efstathiou each filed motions for new trial and motions for j.n.o.v. The trial court granted Mrs. Efstathiou's motion for j.n.o.v. on the breach of contract and conversion claims, but denied her motion for j.n.o.v. on the fraud claim. The trial court denied Mr. Efstathiou's motion for j.n.o.v. and denied both parties' motions for new trial. Mrs. Efstathiou appeals in Case No. A97A0203. Mr. Efstathiou appeals in Case No. A97A0204.

## Case No. A97A0203

1. Mrs. Efstathiou contends the trial court erred in denying her motion for directed verdict on the issue of fraud because Reiss Enterprises, through its president and sole shareholder Dimitra Reiss ("Mrs. Reiss"), ratified the Efstathious' acts, was not justified in relying on her representations, and was equitably estopped by the acts of Mrs. Reiss.

(a) The evidence in this case did not demand a finding that any reliance on Mrs. Efstathiou's representations was not justified. Where a confidential relationship exists, one party is justified in relying upon representations made by the other party. See *Capriulo v. Bankers Life Co.*, 178 Ga. App. 635, 637-638 (2) (344 SE2d 430) (1986); *Sanders v. Looney*, 247 Ga. 379, 381 (3) (276 SE2d 569) (1981). There was evidence that a confidential relationship existed between the Efstathious and the Reisses. In addition to being closely related to the Reisses by blood and marriage, the Efstathious lived in this country and represented to the Reisses, who lived in Germany, that Mr. Efstathiou had expertise in real estate and had been very successful in real estate and other investments here. In light of this evidence, the jury was authorized to find that the Efstathious were required to act with the utmost good faith and to deal fairly with the Reisses. See generally *Sutton v. McMillan*, 213 Ga. 90, 94-95 (3) (97 SE2d 139) (1957). There was also some evidence that the Reisses exercised due diligence. The Reisses met with the Efstathious regarding the investments and went to see the investment property when they visited the United States. Because the evidence did not demand a particular verdict on this issue, a directed verdict would not have been proper. Compare *Simmons v. Fanello*, 223 Ga. App. 213, 215 (2) (477 SE2d 334) (1996).

(b) The evidence did not demand a particular verdict on the issue of whether Reiss Enterprises ratified the Efstathious' acts. For example, as soon as the Reisses learned that the Efstathious purchased property other than that agreed upon, they protested and told the Efstathious they wanted the property sold. The Reisses sent additional funds to repair the kitchen in one of the houses purchased because Mr. Efstathiou told them the house could not be sold without the repairs. And they sent money to pay delinquent taxes and mortgage payments so that the money already spent would not be lost due to foreclosure, though the property was eventually foreclosed upon. Under these circumstances, the evidence did not demand a finding that Reiss Enterprises ratified the unauthorized acts, and the trial court did not err in denying the motion for directed verdict. See generally *Norfolk Southern Corp. v. Smith*, 262 Ga. 80, 83-84 (2) (414 SE2d 485) (1992).

(c) The trial court did not err in submitting the issue of estoppel to the jury. Contrary to Mrs. Efstathiou's contention, there is evidence that the Reisses complained of the Efstathious' acts once they discovered them and did not acquiesce in or ratify the acts. See generally *Dunaway v. Parker*, 215 Ga. App. 841, 848-849 (3) (453 SE2d 43) (1994).

2. The trial court did not err in charging the jury regarding the duties of a real estate broker because, contrary to Mrs. Efstathiou's claim, there was testimony that Mr. Efstathiou was a real estate broker. The charge was pertinent and adjusted to the facts of the case. See generally *Moore v. Green*, 129 Ga. App. 268, 269 (2) (199 SE2d 317) (1973).

3. It was not error to deny Mrs. Efstathiou's motion for mistrial when counsel for the Reisses asked Mr. Efstathiou if his real estate license had been revoked. Counsel for the Efstathious asked the court for a mistrial or, in the alternative, for curative instructions. The court gave the jury curative instructions, the witness resumed testifying, and at the end of the day, counsel asked the court for further curative instructions regarding the revocation question. Counsel did not renew the motion for mistrial. Therefore, the issue is waived. See *Hester Enterprises v. Narvais*, 198 Ga. App. 580, 582 (2) (402 SE2d 333) (1991). We note that Mrs. Reiss' attorney asked Mrs. Reiss earlier if Mrs. Efstathiou told her that Mr. Efstathiou's real estate broker's license was revoked, to which she replied negatively. No objection was made to this question. Therefore, we see no harm. See generally *Frey v. Sinkola, Inc.*, 196 Ga. App. 106 (2) (395 SE2d 324) (1990).

4. Mrs. Efstathiou's argument that the trial court erred in allowing testimony of settlement negotiations into evidence is without merit. Mrs. Reiss' attorney explained that he asked Mrs. Reiss if she remembered coming to his office to try to settle the case only because he was attempting to bring her attention to that point in time. The trial court found the explanation plausible based on the witness' earlier difficulty in responding to questions. The trial court has broad discretion concerning the examination of witnesses. See generally *Stephen W. Brown Radiology &c. v. Gowers*, 157 Ga. App. 770, 784 (11) (278 SE2d 653) (1981); OCGA § 24-9-63. We find no abuse of that discretion.

5. We disagree with Mrs. Efstathiou's contention that the evidence does not support the amount of the verdict. There was evidence that the Reisses invested a total of $391,000, and that neither they nor Reiss Enterprises received the investment funds back or the $23,400 rent owed on the investment properties, or approximately $24,000 in accrued interest. The verdict was within the range of the evidence. See generally *Reed v. Williams*, 160 Ga. App. 254, 256 (3)

(287 SE2d 47) (1981). Where the trial judge approves the jury's verdict, the sole question for determination is whether there is any evidence to authorize it, with a view toward not upsetting it. We will not substitute our judgment based upon a cold record for that of enlightened jurors who heard the evidence and saw the witnesses. *Cox v. Cantrell*, 181 Ga. App. 722, 725 (7) (353 SE2d 582) (1987).

6. Mrs. Efstathiou is correct that the record does not support an award of attorney fees. "An attorney cannot recover for professional services without proof of their value. Generally, a party will proffer the opinion testimony of his present counsel as well as that of other attorneys in an effort to show what constitutes a reasonable attorney fee in light of the litigation history of the case. An award of attorney fees is unauthorized if appellee failed to prove the actual costs of the attorney and the reasonableness of those costs." (Citations and punctuation omitted.) *Fiat Auto U.S.A. v. Hollums*, 185 Ga. App. 113, 116 (5) (363 SE2d 312) (1987). Here, no evidence was presented regarding the actual costs incurred by Reiss Enterprises or of the reasonableness of the costs. Because the award of attorney fees is not supported by sufficient evidence, the case is remanded to the trial court with direction that that portion of the judgment be stricken. See *City of College Park v. Pichon*, 217 Ga. App. 53, 56 (4) (456 SE2d 686) (1995).

## Case No. A97A0204

7. In enumerations of error 1 through 6 and 8, Mr. Efstathiou raises the same arguments we found to be without merit above. They are likewise without merit in his appeal.

8. Similarly, Mr. Efstathiou's contention that the evidence did not authorize an award of attorney fees is meritorious for the reasons discussed in Division 6, above. The case is remanded with direction that the fee award be stricken.

9. Mr. Efstathiou argues that the trial court erred in failing to instruct the jury on the method of computing damages under a conversion theory. Our review of the record does not reveal that he requested such a charge. In any event, he cannot now complain because he failed to object to the failure to give such a charge before the jury returned the verdict. See *Barney v. Morris*, 168 Ga. App. 426, 427 (1) (309 SE2d 420) (1983). Moreover, the court's failure to include the charge, if error, was not so harmful as to require reversal. See generally *Wisenbaker v. Warren*, 196 Ga. App. 551, 555 (5) (396 SE2d 528) (1990).

10. There is no merit to Mr. Efstathiou's contention that his motion for new trial should have been granted because Reiss Enterprises failed to elect its theory of recovery before the judgment was

entered. Although the election of remedies should occur before judgment is rendered, there is no reversible error in failing to require the plaintiff to do so where there is no risk of double recovery. See *All Risk Ins. Agency v. Belk*, 191 Ga. App. 576, 577 (1) (382 SE2d 361) (1989). Here, the judgment specifically provided that any recovery was in the alternative and that there could be but one recovery. There was no reversible error.

11. Because there is evidence that the Reisses demanded return of their property, Mr. Efstathiou's argument that the conversion claim was not supported by any evidence is without merit. A motion for new trial on this ground was not authorized. Compare *Pritchett v. Wellington Plaza*, 166 Ga. App. 430 (304 SE2d 743) (1983).

*Judgments affirmed in part and reversed in part; cases remanded with direction. Pope, P. J., and Blackburn, J., concur.*

DECIDED JULY 14, 1997 —
RECONSIDERATION DENIED JULY 30, 1997 — 

Ekaterini Efstathiou, *pro se.*
Leo Efstathiou, *pro se.*
*Furlong & Franco, Walter W. Furlong, Leonard L. Franco*, for appellees.