A02A2409. IMRAN et al. v. BONE.
(578 SE2d 178).

MIKELL, Judge.

Shannon Imran and Muhammad Imran appeal the trial court's order directing a verdict in favor of their former landlord, Emerald Real Estate, LLC,[1] in the Imrans' action for injunctive relief and damages. We affirm.

The complaint alleged that after Emerald took over the management of the Imrans' apartment building, Emerald refused to make repairs and improperly cancelled their lease. The Imrans' counsel subsequently withdrew from the case, and they proceeded pro se at trial. After jury selection, Emerald moved to dismiss the suit. The trial court dismissed the claim for injunctive relief on the ground

---

[1] Although the Imrans have named Joyce Bone as appellee, she was not a party to the action below.

that a landlord-tenant relationship no longer existed between the parties. The court denied Emerald's motion to dismiss the claim for diminished value of the leasehold.

Shannon Imran took the witness stand and introduced into evidence her former rental agreement, a letter outlining certain defects in the apartment, and numerous photographs of the premises. However, she did not testify concerning the amount by which any alleged defect in the premises diminished the value of her leasehold. The Imrans rested following the conclusion of Shannon Imran's testimony. Emerald moved for a directed verdict. The trial court granted the motion, explaining as follows:

> Mrs. Imran, I have gone through the file, I've gone through the notes that I have taken from the presentation that you have made. And Mrs. Imran, the burden is on you as plaintiff to prove your case to the jury. You cannot assume that the jury knew anything or knows anything; you have to prove to the jury what it is you are asking for and why it is you deserve that. And although you introduced what appears to me to be seven exhibits, 1, 2, 3, 4, 5 were admitted, including a lengthy or a large stack of photos, 36 photos; you have failed to present any evidence. You failed to explain what the photos were; you failed to explain anything about what you and your family had gone through, what it was you were asking for, what you thought was a fair resolution. You gave the jury absolutely no information that they would need to resolve this case. And that burden being solely on you, you have failed to do that. And I am going to direct a verdict on the case.

1. On appeal, the Imrans complain that the trial court erred in directing a verdict for the defense. A grant of directed verdict is proper only if there is no conflict in the evidence as to any material issue, and the evidence introduced demands a particular verdict.[2] In this case, the Imrans presented no evidence or argument from which the jury could determine the diminution of the leasehold value.[3]

Where a party sues for specific damages he has the burden of showing the amount of loss claimed in such a way that the

---

[2] OCGA § 9-11-50 (a); *Sanders v. Hughes*, 183 Ga. App. 601, 603 (3) (359 SE2d 396) (1987).

[3] *David Enterprises v. Kingston Atlanta Partners*, 211 Ga. App. 108, 111 (2) (438 SE2d 90) (1993); accord *Galloway v. Linnell*, 242 Ga. App. 221, 222 (2) (529 SE2d 226) (2000) ("tenants do not point to any facts contradicting the trial court's finding that they failed to prove any damages").

jury may calculate the amount of loss from the data furnished and will not be placed in a position where an allowance of the loss is based on guesswork. (Citation and punctuation omitted.) *Mathis v. Copeland*, 139 Ga. App. 68, 69 (228 SE2d 23) (1976).[4]

The trial court correctly ruled that the Imrans had presented insufficient evidence to warrant submitting their claim to the jury.

2. Although the Imrans enumerate four additional errors in their appellate brief, none is supported by reasoned argument, citations to the record or the trial transcript, or citation to authority. Therefore, each enumerated error is deemed abandoned pursuant to Court of Appeals Rule 27 (c) (2).[5]

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 11, 2003.

Muhammad Imran, *pro se.*
Shannon Imran, *pro se.*
Eric Shapiro, for appellee.

---

[4] (Punctuation omitted.) *David Enterprises*, supra.
[5] See *Ellis v. Stanford*, 256 Ga. App. 294, 297 (3) (568 SE2d 157) (2002).